# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

JOSEPH PIESCIUK,

|  |  |  |
|---|---|---|
| Petitioner, | : | Case No. 1:14-cv-185 |
| - vs - |  | District Judge Timothy S. Black<br>Magistrate Judge Michael R. Merz |
| BENNIE KELLY, Warden,<br> Grafton Correctional Institution, |  |  |
|  | : |  |
| Respondent. |  |  |

# REPORT AND RECOMMENDATIONS

Petitioner Joseph Piesciuk brought this habeas corpus action *pro se* pursuant to 28 U.S.C.

§ 2254 to obtain relief from his convictions in the Butler County Common Pleas Court and

sentence of twenty-one years imprisonment which he is serving in Respondent's custody.

Piesciuk pleads the following grounds for relief:

> **Ground One:** Petitioner's convictions for theft by deception [Ohio Revised Code] § 2913.02(a) (3), money laundering [Ohio Revised Code] §1315.55(a) (1), engaging in a pattern of corrupt activity [Ohio Revised Code] §2923.32(a) (1) violated his right to due process of law in violation of the Fourteenth Amendment to the United States Constitution and were not supported by sufficient evidence to enable a rational trier of fact to find guilty [sic]beyond a reasonable doubt.
>
> **Ground Two:** Erroneous jury instructions required reversal of the theft by deception, money laundering and engaging in a pattern of corrupt activity [convictions].

1

**Ground Three:** The trial court erred when it sentenced appellant to a prison sentence, a non-minimum prison sentence, and consecutive sentences based on facts not found by a jury. Petitioner's constitutional rights were violated under the due process clause and under prohibitions against cruel and unusual punishment when the trial court failed to impose minimum, concurrent sentences for offenses committed in the years 2000 & 2001. The trial court erred in failing to impose minimum, concurrent sentences for offenses committed prior to the Ohio Supreme Court's decision in *State v. Foster*.

**Ground Four:** The court committed prejudicial and plain error by not dismissing the charges at the resentencing hearing on March 13, 2007, related to Counts 23 and 24.

**Ground Five:** The court committed prejudicial and plain error by not ruling on all motions relative to sentencing and restitution of Petitioner prior to or during sentencing on March 13, 2007.

**Ground Six:** The court committed prejudicial and plain error when it ordered restitution to the Miller's in the amount of $59,582.93 and to the Bierly's in the amount of $24,037, at the March 13, 2007, sentencing.

**Ground Seven:** Petitioner was denied due process of law when he was not given an opportunity to review, rebut, and explain the entire body of information contained in the victim impact statements.

**Ground Eight**: The Defendant/Appellant (Petitioner) was prejudiced and denied effective assistance of counsel when counsel failed to convey a plea offer from the State to the Petitioner.

**Ground Nine:** The Petitioner was denied effective assistance of counsel and due process of law in violation of the Sixth and Fourteenth Amendments of the United States Constitution and Article I, Section 16 of the Ohio Constitution, by the State's suppression and/or alteration of exculpatory evidence.

**Ground Ten:** The Petitioner was denied effective assistance of counsel and due process of law in violation of the Sixth and Fourteenth Amendments of the United States Constitution and Article I, Section 16 of the Ohio Constitution, by the State's suppression and/or alteration of exculpatory evidence.

2

**Ground Eleven:**  The Petitioner was denied effective assistance of counsel and due process of law in violation of the Sixth Amendment of the United States Constitution by trial counsel's failure to obtain "OHIC's" records from the Middletown Police Department that had been stolen in a break-in that occurred on September 5, 2000.

**Ground Twelve:**  The Petitioner was denied effective assistance of counsel and due process of law in violation of the Sixth Amendment of the United States Constitution by trial counsel's failure to obtain "OHIC's" records from the law firm of Pratt, Singer & Thomas.

**Ground Thirteen:**  The Petitioner was denied effective assistance of counsel and due process of law in violation of the Sixth Amendment of the United States Constitution by trial counsel's failure to investigate and/or call witnesses' [sic] to the stand that had exculpatory evidence.

**Ground Fourteen:**  The Petitioner was denied effective assistance of counsel and due process of law in violation of the Sixth Amendment of the United States Constitution by trial counsel's failure to investigate and/or interview state and defense witnesses in order to adequately prepare a defense and prepare for trial.

**Ground Fifteen**:  The Petitioner was denied effective assistance of counsel and due process of law in violation of the Sixth Amendment to the United States Constitution by trial counsel's failure to investigate and/or interview state and defense witnesses in order to adequately prepare a defense and prepare for trial.

(Petition, Doc. No. 1, PageID[1] 9-43**Procedural History**

---

[1]  When any document is filed with this Court, the Court's electronic filing system affixes a unique Page Identification Number in the upper right hand corner of every page.  The attention of the parties is directed to this Magistrate Judge's Standing Order of May 8, 2014, which provides in pertinent part "All references to the record in this Court must be to the filed document by title, docket number, and PageID reference.  (E.g., Defendant's Motion to Dismiss, Doc. No. 27, PageID ___.)"  The large majority of cases before this Magistrate Judge are habeas corpus cases with large state court records and correct citation to the record is critical to judicial economy.  Therefore, nonconforming filings will be stricken.

Petitioner was indicted by the Butler County Grand Jury in 2003 on twenty-three counts of theft by deception in violation of Ohio Revised Code § 2913.02(A)(3), ten counts of money laundering in violation of Ohio Revised Code § 1315.55(A)(1), and one count of engaging in a pattern of corrupt activity in violation of Ohio Revised Code § 2923.32(A)(1).  On December 22, 2003, he was convicted by a jury on thirteen counts of theft by deception, eight counts of money laundering, and the corrupt activity count.  The court imposed the twenty-one year sentence on February 9, 2004.

Piesciuk timely appealed to the Butler County Court of Appeals which affirmed on October 31, 2005.  *State v. Piesciuk*, 2005-Ohio-5767, 2005 Ohio App. LEXIS 5187 (12th Dist. Oct. 31, 2005).  Piesciuk appealed to the Ohio Supreme Court which accepted jurisdiction on his Proposition of Law No. 4 and then consolidated the appeal with a certified conflict case which Piesciuk had sought.  The net result was that the Ohio Supreme Court reversed on Proposition of Law No. 4 and remanded for resentencing consistent with *State v. Foster*, 109 Ohio St. 3d 1 (2006).

On January 30, 2006, the Butler County Court of Appeals denied Piesciuk's application to reopen his appeal on claims of ineffective assistance of appellate counsel.  Previously, on March 14, 2005, Piesciuk had filed a petition for post-conviction relief under Ohio Revised Code § 2953.21 which the trial court denied summarily on April 1, 2005.  An appeal was denied as untimely.

Piesciuk was re-sentenced on March 13, 2007, to twenty-one years imprisonment and ordered to pay revised amounts of restitution.  He appealed and the Twelfth District concluded

4

all his claims that preceded the re-sentencing were barred by *res judicata.* The Ohio Supreme Court declined jurisdiction.  In the meantime, Piesciuk on January 30, 2008, filed another petition for post-conviction relief which the trial court summarily denied September 9, 2009. The Twelfth District affirmed on grounds the petition was untimely.  The Ohio Supreme Court declined jurisdiction over an appeal.  On a July 25, 2011, petition, the Twelfth District eventually ordered the Butler County Common Pleas Court to file findings of fact and conclusions of law on Piesciuk's first post-conviction petition.  That court complied on January 7, 2013.  Piesciuk appealed, but the Twelfth District overruled all his assignments of error.  The Ohio Supreme Court declined jurisdiction over a subsequent appeal.

During the pendency of his state court actions, Piesciuk filed in this Court for habeas corpus relief in Case No. 1:07-cv-637.  On the undersigned's recommendation and without objection by Piesciuk, that case was dismissed without prejudice August 22, 2012.

# Analysis

Piesciuk's current Petition is timely filed because the AEDPA statute of limitations was tolled as long as Piesciuk's first post-conviction proceeding was pending, that is, until December 24, 2013.  28 U.S.C. § 2244(d)(2).  The Petition here was filed February 27, 2014.  The Warden concedes it is timely  (Return of Writ, Doc. No. 8, PageID 145-48).

Although this is Petitioner's second in time Petition, it is not second or successive within the meaning of 28 U.S.C. § 2244(b) because the prior Petition was dismissed without prejudice. Petitions filed after prior dismissals for lack of exhaustion do not constitute "second or successive" petitions within the meaning of the AEDPA. *Slack v. McDaniel,* 529 U.S. 473 (2000), *Stewart v. Martinez-Villareal,* 523 U.S. 637 (1998); *Carlson v. Pitcher,* 137 F.3d 416, 418-20 (6th Cir. 1998); *McWilliams v. Colorado*, 121 F.3d 573, 575 (10th Cir. 1997); *In re Gasery,* 116 F.3d 1051, 1052 (5th Cir. 1997)(per curiam).

Respondent asserts that many of Piesciuk's Grounds for Relief are barred in whole or in part by his procedural defaults in presenting them to the state courts.  The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000).  That is, a petitioner may not raise on federal habeas a federal constitutional right he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982).  Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.  *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000)(citation omitted); *Murray v. Carrier*, 477 U.S. 478, 485 (1986);  *Engle*, 456 U.S. at 110;  *Wainright*, 433 U.S. at 87.

6

*Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia*, 372 U.S. 391 (1963).

*Coleman*, 501 U.S. at 724.

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin*, 785 F.2d at 138; accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002).  The applicable aspects of procedural default law will be discussed below as they apply to individual grounds for relief.

**Ground One:  Insufficient Evidence**

In his First Ground for Relief, Piesciuk asserts his convictions are not supported by sufficient evidence.  This claim states a ground on which habeas corpus relief may be granted because the Fourteenth Amendment prohibits criminal punishment on proof less than sufficient to persuade a rational juror beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S. 307 (1979).

**Partial Procedural Default**

Respondent concedes that Piesciuk's insufficient evidence claim is preserved for habeas review as to each theft by deception count of conviction, but asserts he abandoned sufficiency of the evidence claims as to the other convictions when he appealed to the Ohio Supreme Court (Return of Writ, Doc. No. 8, PageID 152).

Piesciuk responds that "respondent is partially correct, . . ." (Traverse, Doc. No. 13, PageID 5094.)  But instead of pointing to any place where the insufficiency of evidence on money laundering was raised on direct appeal to the Ohio Supreme Court, he points instead to what was claimed to be an erroneous jury instruction on the money laundering count. *Id.*  This he claims is sufficient to satisfy the fair presentment requirement. *Id.*  at PageID 5095.

A state prisoner ordinarily does not 'fairly present' a federal claim to a state court if that court must read beyond a petition, a brief, or similar papers to find material that will alert it to the presence of such a claim. *Baldwin v. Reese*, 541 U.S. 27 (2004).  Piesciuk's Memorandum

in Support of Jurisdiction in the Ohio Supreme Court does not discuss the insufficiency of proof of money laundering or engaging in a pattern of corrupt activity.  (See Return of Writ, Doc. No. 9-1, Exh. 16, PageID 484 et seq.)  Nor does the Memorandum cite either federal case law in point such as *Jackson, supra*, or Ohio case law which embodies the *Jackson* requirement.

Piesciuk argues in the alternative that, if the Court finds a procedural default, it is excused by the ineffective assistance of appellate counsel in failing to raise the claim.  However, ineffective assistance of appellate counsel will act as excusing cause only if it occurs in a proceeding in which a defendant is entitled to constitutionally effective counsel and that right only extends to a first appeal of right and no further.  *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Ross v. Moffitt*, 417 U.S. 600 (1974); *Wainwright v. Torna*, 455 U.S. 586 (1982)(where there is no constitutional right to counsel there can be no deprivation of effective counsel); *Riggins v. Turner*, 1997 U.S. App. LEXIS 6115, *5 (6th Cir. 1997); *Barkley v. Konteh*, 240 F. Supp. 2d 708, 714 (N.D. Ohio 2002).

Finally, before a habeas petitioner can rely on ineffective assistance of appellate counsel to excuse a default, he must first present the ineffectiveness claim to the state courts.  *Edwards v. Carpenter*, 529 U.S. 446 (2000).

There is likewise no claim in the Memorandum in Support of Jurisdiction that there was insufficient evidence to support that pattern of corrupt activity conviction.[2]  Therefore Ground One is procedurally defaulted as to the money laundering and pattern of corrupt activity claims.

---

[2] Piesciuk seems to concede this when he admits this issue "was not exhausted."  (Traverse, Doc. No. 13, PageID 5096.)  The claim is exhausted because Piesciuk has no way to re-present this claim to the Ohio Supreme Court.  A claim that was not exhausted when it could have been and which cannot be further exhausted is procedurally defaulted.

**Merits of Undefaulted Portions**

As noted above, the Warden concedes Piesciuk has preserved his insufficiency of evidence claims as to the theft by deception counts.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . .  This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 319; *United States v. Paige,* 470 F.3d 603, 608 (6th Cir. 2006); *United States v. Somerset*, 2007 U.S. Dist. LEXIS 76699 (S.D. Ohio 2007).  This rule was recognized in Ohio law at *State v. Jenks*, 61 Ohio St. 3d 259 (1991).  Of course, it is state law which determines the elements of offenses; but once the state has adopted the elements, it must then prove each of them beyond a reasonable doubt.  *In re Winship, supra.*

In cases such as Petitioner's challenging the sufficiency of the evidence and filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), two levels of deference to state decisions are required:

> In an appeal from a denial of habeas relief, in which a petitioner challenges the constitutional sufficiency of the evidence used to convict him, we are thus bound by two layers of deference to groups who might view facts differently than we would. First, as in all sufficiency-of-the-evidence challenges, we must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). In doing so, we do not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury. See *United States v. Hilliard*, 11 F.3d

10

618, 620 (6th Cir. 1993). Thus, even though we might have not voted to convict a defendant had we participated in jury deliberations, we must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution. Second, even were we to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable. See 28 U.S.C. § 2254(d)(2).

*Brown v. Konteh,* 567 F.3d 191, 205 (6th Cir. 2009). In a sufficiency of the evidence habeas corpus case, deference should be given to the trier-of-fact's verdict under *Jackson v. Virginia* and then to the appellate court's consideration of that verdict, as commanded by AEDPA. *Tucker v. Palmer*, 541 F.3d 652 (6th Cir. 2008); *accord Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011)(en banc).

We have made clear that *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, "it is the responsibility of the jury -- not the court -- to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith,* 565 U. S. 1, ___, 132 S. Ct. 2, 181 L. Ed. 2d 311, 313 (2011) (*per curiam*). And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Ibid.* (quoting *Renico v. Lett*, 559 U. S. ___, ___, 130 S. Ct. 1855, 176 L. Ed. 2d 678 (2010)).

*Coleman v. Johnson*, 566 U.S. ___, ___, 132 S. Ct. 2060, 2062 (2012)(*per curiam).*

Piesciuk raised this claim as his first assignment of error on direct appeal. The Twelfth District decided the claim as follows:

[**P4**] Assignment of Error No. 1:

11

[*P5] "APPELLANT'S CONVICTIONS ARE BASED UPON INSUFFICIENT EVIDENCE AND ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

[*P6] In resolving the sufficiency of the evidence argument, the relevant question is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.

[*P7] Appellant's first argument in this assignment of error challenges the theft by deception convictions.

[*P8] The theft statute, R.C. 2913.02, states, in part, that no person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways: *** (3) by deception.

[*P9] The term "deprive" in the statute means to do any of the following: withhold property of another permanently, or for a period that appropriates a substantial portion of its value or use, or with purpose to restore it only upon payment of a reward or other consideration; dispose of property so as to make it unlikely that the owner will recover it; accept, use, or appropriate money, property, or services, with purpose not to give proper consideration in return for the money, property, or services, and without reasonable justification or excuse for not giving proper consideration. R.C. 2913.01(C)(1)-(3).

[*P10] A person acts "purposely" when it is his specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is his specific intention to engage in conduct of that nature. R.C. 2901.22(A). The term "knowingly," for the requirement of "knowingly obtain or exert control," means that a person, regardless of purpose, is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist. R.C. 2901.22(B).

[*P11] R.C. 2913.01(A) defines "deception" as knowingly

12

deceiving another or causing another to be deceived by any false or misleading representation, by withholding information, by preventing another from acquiring information, or by any other conduct, act, or omission that creates, confirms, or perpetuates a false impression in another, including a false impression as to law, value, state of mind, or other objective or subjective fact.

[*P12]  Appellant specifically argues that there was insufficient evidence of his intent to not perform the services at the time he received payments from the homeowners, and insufficient evidence that he did not intend to pay the subcontractors.

[*P13]  Criminal intent is determined from the surrounding facts and circumstances, and persons are presumed to have intended the natural, reasonable and probable consequences of their voluntary acts. *State v. Garner,* 74 Ohio St.3d 49, 60, 1995 Ohio 168, 656 N.E.2d 623.

[*P14]  Construing the evidence most favorably for the state, we find that any rational trier of fact could have found the essential elements of the crimes proven beyond a reasonable doubt. There was sufficient evidence in the record for the jury to find that appellant made specific promises or represented certain facts to induce homeowners to commence payment or to continue to make payments while appellant had no intent to fulfill the promises, but possessed the intent to deprive them of their property. See *State v. Edmondson,* 92 Ohio St.3d 393, 398, 2001 Ohio 210, 750 N.E.2d 587 (state must prove that the accused engaged in a deceptive act to deprive the owner of possession of property or services, and that the accused's conduct creating a false impression actually caused the victim to transfer property to the accused); *State v. Wright,* Erie App. No. E-03-054, 2004 Ohio 5228; *State v. Karns* (1992), 80 Ohio App. 3d 199, 608 N.E.2d 1145.

[*P15]  While some of the homeowners testified that they contacted appellant because his company's marketing claimed that it had been in the remodeling business for several decades, appellant did not inform the potential customers that he had just purchased the established business on or around April 1, 2000.

[*P16]  Witnesses testified that appellant requested initial or subsequent payments by promising them specific work would be completed or certain materials ordered, but those promises were not fulfilled and no monies were refunded. Witnesses also testified

13

that they were unsuccessful in repeated attempts to contact appellant for an adequate explanation for unfinished projects, or, if they reached appellant, he would make additional promises that were not realized. See *State v. Conley,* Clermont App. No. CA2004-07-053, 2005 Ohio 3509 (contractor-defendant's deceptive response to victim's questions about project provided clear demonstration of intent to deprive victim); *State v. Wright,* 2004 Ohio 5228 at P38 (sufficient to show accused acted with purpose to deprive when accused took money, failed to return calls, missed appointments, and misrepresented job completion and status of business).

[*P17] Construing the evidence most favorably for the state, there was sufficient evidence for the jury to find that appellant committed thefts by deception when he employed subcontractors to do certain work, but did not pay the subcontractors for the work performed on the projects. See *State v. Edmondson,* 92 Ohio St.3d at 398; see, e.g., *State v. Jacobozzi* (1983), 6 Ohio St.3d 86, 89-90, 6 Ohio B. 126, 451 N.E.2d 749; cf. *State v. Belt,* Union App. No. 14-03-36, 2004 Ohio 1511, P22 (state presented evidence that possible money problems could have been accused's motivation for the theft).

[*P18] We are not persuaded that appellant's conduct of commencing work on most of the renovation projects prohibits the jury from finding that appellant possessed the necessary intent to commit theft. Accordingly, we find there was sufficient evidence for the jury to find appellant guilty of 13 counts of theft.

*State v. Piesciuk*, 2005-Ohio-5767, 2005 Ohio App. LEXIS 5187 (12th Dist. Oct. 31, 2005).

The gravamen of Petitioner's argument is that, under Ohio law, a person in a business such as his of home remodeling or repair cannot be found guilty of theft by deception if he actually begins work on the projects he has contracted for  (Merit Brief, Doc. No. 6, PageID 70, relying on *State v. Coleman*, 2003-Ohio-5724, 2003 Ohio App. LEXIS 5118 (2nd Dist. Oct. 24, 2003), and *State v. Chait*, 2012-Ohio-6104, 2012 Ohio App. LEXIS 5268 (9th Dist. Dec. 26, 2012)).

Piesciuk overreads *Coleman*.  The appellant contractor in that case did not raise an

14

assignment of error of insufficient evidence, but claimed the judgment was against the manifest weight of the evidence.  These claims are importantly different under Ohio law.

> When a conviction is challenged on appeal as being against the manifest weight of the evidence, we must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."

*Coleman, supra,* at ¶ 28, quoting *State v. Thompkins* (1997), 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541, citing *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 Ohio B. 215, 485 N.E.2d 717.  The sufficiency of the evidence test is much stricter and the court of appeals does not weigh credibility at all.  *Jackson, supra.*  Note that in *Coleman*, as in any reversal on the manifest weight of the evidence, the result is a new trial, not dismissal with prejudice.

In contrast, *Chait* is a sufficiency of the evidence case in which the court of appeals held there was not sufficient evidence for a conviction for theft by deception, again in a home remodeling context.  The court of appeals engaged in an extensive review of the evidence which related to remodeling of one house and concluded that the contractor, Mr. Chait, had breached his contract with the homeowners, but there was insufficient proof he intended to keep their money without doing the work.

While *Chait* does involve a sufficiency of the evidence legal question, it is not, as Piesciuk claims, "on all fours with the instant case."  (Merit Brief, Doc. No. 6, PageID 70.)  Critically, it does not stand for the proposition for which Piesciuk cites it, to wit, that if a contractor performs some work on a contract, he cannot be found guilty of theft by deception.  Piesciuk is correct that the State must prove an intent to deprive of property.  Intent, like most

mental elements of crime, can rarely be proved by direct evidence:  thieves who work by fraud and deception do not admit to their victims that they have no intention of fulfilling their contracts.  The *mens rea* must be proved circumstantially and that is what the State did in this case.  This is not a dispute over a contract with one householder who was dissatisfied.  Instead, the evidence permitted the jury to find that Piesciuk took money from many people without completing the work, permitting the inference that he never intended to fulfill his promises.

In contrast to the authority relied on by Piesciuk, the Sixth Circuit Court of Appeals, considering a parallel case arising under Ohio law, has just upheld a conviction for theft by deception based on circumstantial evidence of intent to deceive.  *Snyder v. Warden, Marion Correctional Institution*, 2015 U.S. App. LEXIS 5913 (6th Cir. Apr. 9, 2015)(unpublished).

Giving AEDPA deference to both the jury's determination and that of the court of appeals, the Magistrate Judge concludes Piesciuk's First Ground for Relief, to the extent it survives procedural default, is without merit.


**Ground Two:  Erroneous Jury Instructions**


In his Second Ground for Relief, Piesciuk contends that the jury instructions for theft by deception, money laundering, and engaging in a pattern of corrupt activity were all erroneous.

Respondent asserts that the portion of this Ground for Relief complaining of the pattern of corrupt activity instructions is procedurally defaulted by Piesciuk's failure to include it in his appeal to the Supreme Court of Ohio (Return of Writ, Doc. No. 8, PageID 153).  Piesciuk concedes this is correct (Traverse, Doc. No. 13, PageID 5097).  The following analysis is

therefore limited to the theft by deception and money laundering instructions.

In his Merit Brief, Piesciuk has confusingly intertwined his arguments about the jury instructions.  Attempting to disentangle them, the Magistrate Judge reads Piesciuk to assert:

1.      By the wording of the jury instruction on money laundering, the trial court directed a guilty verdict on the theft by deception counts (Merit Brief, Doc. No. 6, PageID 79).

2.      The trial judge also directed a guilty verdict on the money laundering counts. *Id.*

3.      The trial judge failed to instruct on an essential element of the theft by deception counts, to wit, that the defendant had the intent to deprive the owner  of property at the time the money was received. *Id.*  at PageID 80.

The Twelfth District Court of Appeals dealt with Piesciuk's jury instruction claims as follows:

> **[\*P43]** Assignment of Error No. 2:
>
> **[\*P44]** "ERRONEOUS JURY INSTRUCTIONS REQUIRE REVERSAL OF THE THEFT BY DECEPTION, MONEY LAUNDERING, AND ENGAGING IN A PATTERN [sic] CONVICTIONS[.]"
>
> **[\*P45]** Appellant argues that the trial court essentially directed a verdict on the theft counts because it instructed the jury in the following manner during its instruction for the money laundering counts: "In Count ___, [appellant] is charged with money laundering. The state has introduced evidence that [appellant] took money from [victim] by deception. Before you can find the defendant [appellant] guilty of money laundering in this count, you must find the defendant guilty of theft by deception from [victim] ***."
>
> **[\*P46]** First, we note that appellant repeatedly voiced objections to the jury instructions, and even filed written objections that incorporated his written proposed jury instructions. Appellant told the trial court that he was objecting to "everything that is not included if it's not in my preliminary instructions." However, we

17

cannot locate any objection in the record that informed the trial court in any manner that its chosen language was "directing a verdict" on the theft by deception charges in the money laundering instructions.

[*P47] When an appellant fails to object to a jury instruction with the trial court below, the instruction is reviewed for plain error. *State v. Underwood* (1983), 3 Ohio St.3d 12, 13, 3 Ohio B. 360, 444 N.E.2d 1332, and syllabus. In other words, the question is whether the outcome of the trial would clearly have been different, but for the alleged error. Id., syllabus.

[*P48] We are not convinced that the language used by the trial court directed a verdict on the theft counts. While the trial court could have stressed that the evidence *alleged* a theft by deception, we find that the trial court properly charged the jury on its responsibilities. The trial court told the jury what it must determine before it could find appellant guilty of a theft count. Further, in its money laundering instruction, the trial court stated to the jury that, "*** unless you find the defendant guilty of the count of theft by deception you cannot find the defendant guilty of money laundering. You understand that is the prerequisite to go to the money laundering count, you have to make a determination as to the theft by deception. All of you understand that."

[*P49] We reject appellant's assertion that the instruction informed the jury that the trial court found evidence of theft. The trial court instructed the jury that it should disregard any statement or action that it may consider an indication of the trial court's view, and, coupled with the jury instructions given, we find no error and no plain error in this instruction.

[*P50] Appellant argues that the money laundering instruction was also incorrect because the trial court's instructions did not require the jury to find that the deposits from the alleged thefts were accomplished with the purpose of furthering the commission of corrupt activity. The language with which appellant alleges error is the following: "*** committed the offense of money laundering by depositing the proceeds of this theft by deception in his bank account or by otherwise acquiring or disposing of such proceeds with the purpose of furthering the commission of corrupt activity."

[*P51] First, we note that the offending portion of this instruction matches the jury instructions proposed by appellant before trial.

18

[footnote omitted] As previously stated, appellant repeatedly communicated his objections to the jury instructions, but did not contest this specific wording. While we do not intend to split hairs on the objection issue, had the perceived problems with this language been brought to the trial court's attention, the trial court would have had the opportunity to affirm or change its word selection accordingly.

[*P52] Secondly, we note that the trial court began its instructions by providing the jury with the definition of money laundering, which followed the language of the money laundering statute. See R.C. 1315.55. After reviewing the language challenged by appellant, we find that the jury was properly instructed that it must find that appellant acted with the purpose of furthering the commission of corrupt activity. There was no error, plain or otherwise, in the trial court's instruction on this issue.

[*P53] The final two sub-issues under this assignment of error were clearly raised by appellant with the trial court below. Appellant argues that the trial court erred when it failed to instruct the jury that the intent to steal had to be present when the money was received for a finding of guilty on the theft offenses.

[*P54] The trial court's instructions on the elements of theft by deception comported with the Ohio Jury Instructions and the theft statute. We find no error by the trial court in this instruction. See *State v. Martens* (1993), 90 Ohio App. 3d 338, 343, 629 N.E.2d 462. (Ohio Jury Instructions are recommended instructions based primarily upon case law and statutes, crafted by eminent jurists to assist trial judges with correctly and efficiently charging the jury as to the law applicable to a particular case).

*State v. Piesciuk, supra.*

## Alleged Directed Guilty Verdict on Theft by Deception

Regarding Piesciuk's claim that the trial court directed a guilty verdict on the theft by deception charges in its money laundering charge, the Twelfth District found that, despite

extensive written objections, they could not locate any place in the record where that particular objection was raised. *Id.* at ¶ 46. Despite his very extensive briefing (Merit Brief 60 pages; Traverse 64 pages), Piesciuk gives no record reference to any objection on this point.

Given the lack of a contemporaneous objection the Twelfth District reviewed this claim for plain error. *Id.* at ¶ 47. A state appellate court's review for plain error is enforcement, not waiver, of a procedural default. *Wogenstahl v. Mitchell*, 668 F.3d 307, 337 (6th Cir. 2012); *Jells v. Mitchell*, 538 F.3d 478, 511 (6th Cir. 2008); *Lundgren v. Mitchell*, 440 F.3d 754, 765 (6th Cir. 2006); *White v. Mitchell*, 431 F.3d 517, 525 (6th Cir. 2005); *Biros v. Bagley*, 422 F.3d 379, 387 (6th Cir. 2005); *Hinkle v. Randle*, 271 F.3d 239 (6th Cir. 2001), *citing Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000)(plain error review does not constitute a waiver of procedural default); accord, *Mason v. Mitchell*, 320 F.3d 604 (6th Cir. 2003).

The procedural default being enforced is the failure of a contemporaneous objection. States have a very strong interest in the contemporaneous objection rule. *Scott v. Mitchell*, 209 F.3d 854 (6th Cir. 2000), quoting extensively from *Wainwright v. Sykes*, 433 U.S. 72, 88-90 (1977). Ohio's contemporaneous objection rule is an adequate and independent state ground. *Hinkle v. Randle,* 271 F.3d 239, 244 (6th Cir. 2001); *Scott v. Mitchell*, 209 F.3d 854, 867 (6th Cir. 2000), *citing Engle v. Isaac*, 456 U.S. 107, 124-29 (1982). Piesciuk's claim that the trial court instructed the jury to return a guilty verdict on the theft by deception counts is procedurally defaulted.

Moreover, the claim is without merit. A trial judge does not direct a guilty verdict by telling a jury, as the trial judge did here, that the State has introduced evidence in support of a charge. After all, if the State had not done so by the time the jury was being instructed, the judge

should have declared a directed verdict for the defendant.

**Alleged Directed Verdict on Money Laundering**

Piesciuk claims that the trial judge essentially directed a guilty verdict on the money laundering charge by "refus[ing] to instruct the jury on the essential element that the transactions were done with 'purpose of furthering the commission of corrupt activity' as required by [Ohio Revised Code] § 1315.55(A)(1)."  (Merit Brief, Doc. No. 6, PageID 81.)

The language for which Piesciuk contends is in the statute itself and the Twelfth District found that the trial judge instructed in the language of the statute.  *State v. Piesciuk, supra,* ¶¶ 50, 52.  Piesciuk cites numerous pages of the trial transcript (Merit Brief, Doc. No. 6, PageID 81), so the Court understands the asserted error to be that the trial judge did not repeat the "with purpose to . . ." language with each count.  That simply does not amount to directing a verdict or omitting an element.  Given an indictment which charges multiple counts of the same offense, it is not necessary to repeat all the relevant language with each count.

This particular objection to jury instructions by Piesciuk requires the reminder that in order for habeas relief to be warranted on the basis of incorrect jury instructions, a petitioner must show more than that the instructions are undesirable, erroneous, or universally condemned; taken as a whole they must be so infirm that they rendered the entire trial fundamentally unfair. *Henderson v. Kibbe,* 431 U.S. 145 (1977).  The only question for a habeas court to consider is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process."  *Estelle v. McGuire*, 502 U.S. 62 (1991), *quoting Cupp v. Naughten*, 414

21

U.S. 141 (1973). The category of infractions that violate fundamental fairness is very narrow. *Byrd v. Collins*, 209 F.3d 486 (6th Cir. 2000), *citing Dowling v. United States*, 493 U.S. 342, 352 (1990).

**Alleged Omission of an Essential Element of Theft by Deception**

Piesciuk argues that the failure of the trial judge to instruct the jury that they must find that intent to deprive existed at the time money was taken renders the verdict unconstitutional (Merit Brief, Doc. No. 6, PageID 79-81).

To establish that this is an essential element of the crime, Piesciuk relies first on the "plain language of [Ohio Revised Code] § 2913.02(A)(3)." (Merit Brief, Doc. No. 6, PageID 80.) The statute reads "[n]o person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services . . . by deception." The statute does not have the language Piesciuk asserts.

Nor has Piesciuk cited controlling Ohio case law that requires such an instruction. He relies on *State v. Chait, supra,* which cites that proposition from *State v. Coleman, supra,* but neither case turned on the question of when the intent had to be shown to have been formed. Rather, these two cases turned on whether the convictions, considering all the evidence, were against the manifest weight (*Coleman*) or insufficient altogether (*Chait*). As the Twelfth District concluded, the instruction actually given comported with the instruction recommended in Ohio Jury Instructions, which are the collective and careful work of a committee of the Ohio Judicial Conference intended to promote accuracy and comprehensibility in jury instructions and are

22

certainly very good evidence of what Ohio law requires.

The Court concludes Piesciuk's Second Ground for Relief, to the extent not procedurally defaulted, is without merit.

**Ground Three:  Sentencing Error**

In his Third Ground for Relief, Piesciuk argues the trial court committed constitutional error by sentencing him to (1) a prison term, (2) a non-minimum prison term, and (3) consecutive terms based on facts not found by the jury.  As the Court understands the claim, it is that his initial sentence was unconstitutional because it relied on judicial fact-finding as prohibited by *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004). The attempted cure of this problem by the Ohio Supreme Court in *State v. Foster*, 109 Ohio St. 3d 1 (2006), is unavailing because that court lacked the authority to impose the remedy it did. Therefore, Piesciuk says he is entitled to the minimum non-consecutive sentence provided in S.B. 2 before *Foster* but without the enhancements based on judicial fact finding  (Merit Brief, Doc. No. 6, PageID 83-93).

Piesciuk acknowledges *Foster*, but asserts "[i]t is in the 'remedy' provisions of *Foster* that the problems lays [sic]." (Merit Brief, Doc. No. 6, PageID 85.)  First he claims the Ohio Supreme Court exceeded its power in imposing the severance remedy it did.  *Id.*  at PageID 86-89.  However, whether the Supreme Court of Ohio had the power to sever the unconstitutional portions of S.B. 2 is a question of Ohio constitutional law, not federal law.  Piesciuk cites no United States Supreme Court case authority that supports the proposition, necessary to obtain

habeas corpus relief, that a state supreme court cannot do what the Ohio Supreme Court did in this case. In fact, any such ruling is very unlikely, given that the United States Supreme Court imposed a parallel severance remedy respecting federal sentencing in *United States v. Booker*, 543 U.S. 220 (2005). This Court is not authorized to grant habeas relief on the basis of the Ohio Supreme Court's violation of Ohio separation of powers rules, even assuming that is what happened here.

In the alternative, Piesciuk argues the Common Pleas Court lacked jurisdiction to impose on *Foster*-remand the sentences he is serving. *Id.* at PageID 90-93. He begins with the unexceptionable proposition that there are no common law crimes in Ohio. *Id.* at PageID 90. That is certainly correct. *Mitchell v. State*, 42 Ohio St. 383 (1884), *citing Key v. Vattier*, 1 Ohio 132, 144 (1823); *Winn v. State,* 10 Ohio 345 (1841); *Vanvalkenburg v. State*, 11 Ohio 404 (1842); *Allen v. State,* 10 Ohio St. 287, 301 (1859); *Smith v. State*, 12 Ohio St. 466, 469 (1861); *Knapp v. Thomas*, 39 Ohio St. 377, 385 (1883).

It is at the next step of the argument that Piesciuk fails. He says that in *Foster* the Ohio Supreme Court excised all jurisdiction of the Common Pleas Courts by excising Ohio Revised Code §§ 2929.14(E) and 2929.41(A) (Merit Brief, Doc. No. 6, PageID 91). But that plainly is not what the Ohio Supreme Court thought it was doing and no United States Supreme Court authority compels or authorizes this Court to decide otherwise. Piesciuk points to no federal case authority compelling, in the light of *Foster*, the result for which he argues.

As part of his Third Ground for Relief, Piesciuk argues his sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment. The Warden responds that this claim is procedurally defaulted because it has never been presented to the Ohio courts (Return of Writ,

Doc. No. 8, PageID 154). Piesciuk responds that on his first direct appeal he argued that his sentence was "in disparity to other sentences." (Traverse, Doc. No. 13, PageID 5105, citing Appellant's Merit Brief on Appeal.) He claims that "the substance of a 'disparity' claim is that the sentence is excessive, thereby constituting cruel and unusual punishment. . . even without the 'talismanic incantation' of the Eight [sic] Amendment." *Id.*, *citing Solem v. Helm*, 463 U.S. 277 (1983).

In presenting this assignment of error on direct appeal, the entire argument devoted to this point reads:

> Lastly, Appellant submits that the sentence imposed is in disparity to other sentences. For instance, as cited by the Court in this case [presumably the trial court], *State v. Hicks*, CA2002-08-198, 2003 Ohio 7210, a case before Judge Sage with similar facts and homeowners, received only a sentence of 9 years. Yet Appellant received a sentence of 21 years. Clearly there is a disparity which has no basis and should result in a new sentencing hearing.

(Appellant's Brief, Return of Writ, Doc. No. 9-1, Exh. 11, PageID 318.)

To preserve a federal constitutional claim for presentation in habeas corpus, the claim must be "fairly presented" to the state courts in a way which provides them with an opportunity to remedy the asserted constitutional violation, including presenting both the legal and factual basis of the claim. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006); *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993), *cert. denied*, 509 U.S. 907 (1993), overruled in part on other grounds by *Thompson v. Keohane*, 516 U.S. 99 (1995); *Riggins v. McMackin*, 935 F.2d 790, 792 (6th Cir. 1991). The claim must be fairly presented at every stage of the state appellate process. *Wagner v. Smith*, 581 F.3d 410, 418 (6th Cir. 2009).

"Federal courts do not have jurisdiction to consider a claim in a habeas petition that was

not 'fairly presented' to the state courts." *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2004);

accord, *Jacobs v. Mohr*, 265 F.3d 407, 415 (6th Cir. 2001); *McMeans v. Brigano*, 228 F.3d 674,

681 (6th Cir. 2000); *Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006); *Blackmon v. Booker*,

394 F.3d 399, 400 (6th Cir. 2004).

Merely using talismanic constitutional phrases like "fair trial" or "due process of law"

does not constitute raising a federal constitutional issue.  *Slaughter v. Parker,* 450 F.3d 224, 236

(6th Cir. 2006); *Franklin v. Rose,* 811 F.2d 322, 326 (6th Cir. 1987); *McMeans,* 228 F.3d at 681,

*citing Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2nd Cir. 1984).

> In determining whether a petitioner "fairly presented" a federal
> constitutional claim to the state courts, we consider whether: 1) the
> petitioner phrased the federal claim in terms of the pertinent
> constitutional law or in terms sufficiently particular to allege a
> denial of the specific constitutional right in question; 2) the
> petitioner relied upon federal cases employing the constitutional
> analysis in question; 3) the petitioner relied upon state cases
> employing the federal constitutional analysis in question; or 4) the
> petitioner alleged "facts well within the mainstream of [the
> pertinent] constitutional law."

*Hicks v. Straub*, 377 F.3d 538, 552-53 (6th Cir. 2004), *citing McMeans,* 228 F.3d at 681; and

*Picard v. Connor*, 404 U.S. 270, 276-78 (1971).

Applying *Hicks v. Straub*, the Court finds that Piesciuk's counsel did not employ either

state or federal case law employing Eighth Amendment analysis.  Indeed, neither the Eighth

Amendment nor "cruel and unusual" punishment were referred to, even "talismanically."  The

Brief cites no law in this section except *State v. Hicks, supra*, which does not employ any

analysis about disparate sentences.  Indeed, it merely seems to have been cited to show the

sentence imposed on another cheating home repair contractor.

Arguing about disparity in the sentences between two arguably similarly situated defendants does not amount to fairly presenting an Eighth Amendment claim.  The Supreme Court's Eighth Amendment jurisprudence holds a punishment is "excessive," and therefore prohibited by the Amendment, if it is not graduated and proportioned to the offense.  *E.g., Weems v. United States,* 217 U.S. 349, 367 (1910).  An excessiveness claim is judged by currently prevailing standards of decency.  *Trop v. Dulles,* 356 U.S. 86, 100-101 (1958).  Proportionality review under such evolving standards should be informed by objective factors to the maximum possible extent, see, *e.g., Harmelin v. Michigan,* 501 U.S. 957 (1991).  A defendant does not call this jurisprudence to the mind of a state appellate court by arguing he received a more severe sentence than someone else like him who committed the same crime.

Alternatively, assuming  Piesciuk did fairly present this claim and the Twelfth District did decide it, this Court must defer to that decision unless it is an objectively unreasonable application of clearly established Supreme Court precedent.  When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court.  28 U.S.C. § 2254(d)(1); *Harrington v. Richter,* 562 U.S. 86, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone,* 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000).

In deciding this claim, the Twelfth District held:

> [*P59]  Appellant next requests vacation of his sentence because of the "disparity" in his sentence from a similar situation in the case of *State v. Hicks,* Butler App. No. CA2002-08-198, 2003 Ohio 7210. We disagree. Consistency in sentencing, per R.C.

27

2929.11(B), accepts divergence within a range of sentences and takes into consideration a trial court's discretion to weigh relevant statutory factors. *State v. Hickman,* Stark App. No. 2003-CA-00408, 2004 Ohio 6760, P104 (task of appellate court is to examine the available data, not to determine if the trial court has imposed a sentence that is "in lockstep" with others, but to determine whether the sentence is so unusual as to be outside the mainstream of local judicial practice). "Although offenses may be similar, distinguishing factors may justify dissimilar sentences." Id. at P104, quoting *State v. Ryan,* Hamilton App. No. C-020283, 2003 Ohio 1188, P9-12.

[*P60]  After reviewing the record, we find that appellant's sentence was commensurate with the seriousness of the offender's conduct and the impact on the victims, and was consistent with sentences for similar crimes. *State v. Stem* (2000), 137 Ohio App. 3d 110, 115, 738 N.E.2d 76.

*State v. Piesciuk, supra.*    Piesciuk offers no authority for concluding that this decision is contrary to or an objectively unreasonable application of the relevant Supreme Court law.  The Third Ground for Relief should be dismissed with prejudice.

**Ground Four:  Failure to Dismiss Counts 23 and 24 at Resentencing**

In his Fourth Ground for Relief, Piesciuk asserts the 23 and 24 Counts of the Indictment should have been dismissed when he was resentenced in March 2007 because the judge found the loss sustained by the victims on those two counts was zero (Merit Brief, Doc. No. 6, PageID 93-95).

The Twelfth District Court of Appeals, on appeal from the re-sentencing, treated this as an issue which could have been raised on the first direct appeal and which was therefore barred by *res judicata.  State v. Piesciuk,* 2008-Ohio-4054, 2008 Ohio App. LEXIS 3418 (12th Dist.

Aug. 11, 2008).[3] On appeal to the Ohio Supreme Court, Piesciuk asserted this was error because the determination of no loss on Counts 23 and 24 was made on remand, not at the initial sentencing (Memorandum in Support of Jurisdiction, Return of Writ, Doc. No. 9-2, Exh. 45, PageID 1019-21). The Ohio Supreme Court did not accept jurisdiction and thus did not rule on this claim.

Based on Piesciuk's argument to the Ohio Supreme Court, this Court concludes he did not procedurally default his Fourth Ground for Relief by failing to raise it in the Ohio Supreme Court. However, on the merits, the Twelfth District was correct. Piesciuk's claim is that there was insufficient evidence to support his conviction on Counts 23 and 24 because there was no loss to the victims and therefore no theft. But insufficiency of the evidence to convict on those Counts was one of the assignments of error he raised on the first appeal. Assuming that he had evidence to show there was no loss as to Counts 23 and 24, that should have been presented at trial and then argued on the first direct appeal. Piesciuk's convictions had already been affirmed. The remand was to correct restitution orders for four victims and the post-*Foster* resentencing. As the Twelfth District noted, that sort of remand does not resurrect all the issues that were or could have been raised on a prior appeal. Instead, Ohio's criminal *res judicata* doctrine, enunciated in *State v. Perry*, 10 Ohio St. 2d 175 (1967), bars such issues. That doctrine is an adequate and independent state ground of decision. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001).

---

[3] This decision is miscited by Respondent as appearing at 2008-Ohio-3136. See Doc. No. 8, at PageID 154.

The Fourth Ground for Relief should be dismissed with prejudice.

**Ground Five:  Failure to Rule on Motions**

In his Fifth Ground for Relief, Piesciuk complains that the trial court did not rule on all

ten of his pending motions at the time of resentencing (Merit Brief, Doc. No. 6, PageID 95,

listing the motions).  Piesciuk admits he withdrew the motion for psychological examination. *Id.*

at PageID 96.

The Twelfth District dealt with this claim as the Second Assignment of Error on the

resentencing appeal and held:

> [*P19]        Second        Assignment        of        Error:
>
> [*P20]  "THE COURT COMMITTED PREJUDICIAL AND
> PLAIN ERROR BY NOT RULING ON ALL MOTIONS FILED
> BY DEFENDANT PRIOR TO OR DURING THE SENTENCING
> HEARING OF [MARCH 13, 2007]."
>
> [*P21]  In this assignment of error, Piesciuk summarily states that
> the trial court committed prejudicial error by failing to rule on all
> motions filed prior to his resentencing hearing on March 13, 2007.
> Piesciuk fails to denominate those motions that he claims the trial
> court failed to rule upon and fails to explain how such failure
> prejudiced him.
>
> [*P22]  A review of the docket in this case shows that Piesciuk
> filed three motions seeking to have the state provide him with
> certain public records allegedly in the possession of the
> Prosecuting Attorney and the Ohio Attorney General. These
> motions were filed pro se on June 6, 2006, June 7, 2006, and by
> counsel on October 23, 2006. The trial court overruled these
> motions by judgment entry filed on February 23, 2007.
>
> [*P23]  Piesciuk filed, through counsel, a motion for discovery of
> the Victim Impact Statement on October 26, 2006. The trial court

30

overruled this motion by judgment entry on February 23, 2007.

[*P24] Piesciuk filed pro se motions for a psychological examination prior to sentencing on June 6 and June 7, 2006. The trial court, by judgment entry, ordered that these motions be withdrawn at defendant's request on February 23, 2007.

[*P25] On March 13, 2007, the day of sentencing, Piesciuk filed a motion seeking the court to adopt a plan of restitution submitted by him. At the sentencing hearing, the trial court expressly addressed this motion and stated that "the court is not going to adopt your restitution plan. It smacks of a civil plan, and it seems to continue to perpetuate your continuing position that this is not a criminal case despite the evidence and despite the findings of a jury in this matter." While the trial court's ruling has not been formally journalized, the court's ruling was expressed to Piesciuk at sentencing, and he cannot thereby be prejudiced by the failure to journalize such ruling.

[*P26] Also, on the day of sentencing, Piesciuk again challenged the facts contained in the original PSI by filing a motion to correct and clarify the PSI. This issue was addressed at both the original sentencing and by this court in Piesciuk's merit appeal. Because the PSI existed at the time of Piesciuk's original sentencing, any further challenge of the PSI at his resentencing would be barred by the principles of res judicata, addressed in our discussion of his first, fifth and sixth assignments of error. Additionally, the trial court, at the resentencing, went through all of the disputed matters, and indicated that it would accept Piesciuk's version of the offenses for the purposes of the sentencing. There is no prejudice in the trial court's failing to rule on this issue.

[*P27] Finally, on June 6 and June 7, 2006, Piesciuk filed pro se motions seeking a jury determination of facts at sentencing. On October 26, 2007, counsel filed on Piesciuk's behalf, a motion seeking both a jury determination of facts at sentencing and that Piesciuk be sentenced in conformity with the law in existence at the time of the commission of the offense. These appear to be the only other motions that the trial court failed to address either on the record or by judgment entry.

[*P28] It is well accepted that a motion that is still pending at the time of the final disposition of a case is presumed to have been denied, and the mere failure to rule is harmless error. See *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.,* 69 Ohio

> St.3d 217, 223, 1994 Ohio 92, 631 N.E.2d 150. Furthermore, there was a colloquy on the record at the sentencing that these late motions had not been presented to the court, and some had not even been filed prior to the commencement of the sentencing. Additionally, the trial court's procedure at the resentencing hearing makes it obvious that it intended to overrule, or would have overruled these motions had they been presented in a timely fashion.
>
> [*P29]  Piesciuk's second assignment of error is overruled.

*State v. Piesciuk*, 2008-Ohio-4054, 2008 Ohio App. LEXIS 3418 (12th Dist. Aug. 11, 2008).

In his Traverse, Piesciuk concedes that "the only extant undecided motions remain[ing] from the pre-resentencing proceedings were the three pleadings [that] were related to the actual sentence to be imposed, arguing the unconstitutionality of the *Foster* 'fix,' and the requirement for the maximum sentence to be a concurrent term of three years, as fully developed, demonstrated and argued in Ground III, infra [sic]."  (Doc. No. 13, PageID 5109.)  On that basis, Piesciuk "withdraws Ground Five from consideration only unless this Court specifically elects to grant relief solely upon this Ground, . . ." *Id.*  Ground Five, standing alone, is without merit because Piesciuk has not shown the Twelfth District's decision is contrary to or an objectively unreasonable application of clearly established Supreme Court precedent.  For the reasons already given, Ground Three is without merit.  Therefore the Fifth Ground for Relief should be dismissed with prejudice.


**Ground Six:  Error in Restitution Calculation**


In his Sixth Ground for Relief, Piesciuk argues the trial court committed plain error in its calculation of restitution due to the Millers and the Bierlys.

32

Habeas corpus relief can only be granted to release a state prisoner from custody on an imprisonment sentence rendered in a state criminal case.  Federal district courts do not sit as appellate courts to consider all possible errors in state criminal cases, but only those that result in imprisonment.  Piesciuk is not now and never will be imprisoned on the restitution orders.  Therefore his Sixth Ground for Relief fails to state a claim upon which habeas corpus relief can be granted and should, on that basis, be dismissed without prejudice.

**Ground Seven:  Denial of Due Process with Respect to Victim Impact Statements**

In his Seventh Ground for Relief, Piesciuk claims he was denied due process of law when he was not permitted to respond to "the entire body of information in the victim impact statements."  Piesciuk presented this claim to the Twelfth District on his second direct appeal as his Fourth Assignment of Error.  That court decided the claim as follows:

> [*P30]  Fourth Assignment of Error:
>
> [*P31]  "DEFENDANT/APPELLANT WAS DENIED DUE PROCESS OF LAW WHEN HE WAS NOT GIVEN THE OPPORTUNITY TO REVIEW, REBUT, AND EXPLAIN THE ENTIRE BODY OF INFORMATION CONTAINED IN THE VICTIM IMPACT STATEMENT."
>
> [*P32]  In this assignment, Piesciuk argues that the trial court erred in denying his motions seeking disclosure of the victim impact statement. R.C. 2947.051 (C) provides that "the court may furnish copies of the [victim impact] statement to both the defendant or the defendant's counsel and the prosecuting attorney." It is therefore, within the trial court's discretion whether to make a victim impact statement available to a defendant. *State v. Bayless* (1982), 4 Ohio App.3d 301, 4 Ohio B. 552, 448 N.E.2d 511.
>
> [*P33]  The only case in support of his proposition, cited by

33

Piesciuk, is *Stewart v. Erwin* (C.A.6, 2007), 503 F.3d 488. As explained in *Stewart,* "there is no clearly established federal constitutional right to full disclosure of all information used by a trial judge in determining a defendant's sentence." Nonetheless, we recognize, as did the Sixth Circuit, that there is a clearly established federal due process protection against a trial court's reliance on materially false information at sentencing. Unlike in *Stewart,* however, we find no evidence that this sort of due process violation might have occurred here, where there is no indication that the trial court relied on the victim impact statement in making its restitution order as to the victims subject to the remand, nor that any information contained in the victim impact statement was materially false. Consequently, Piesciuk has failed to demonstrate any error in this regard.

  [**P34**]  Piesciuk's fourth assignment of error is overruled.

*State v. Piesciuk*, 2008-Ohio-4054, 2008 Ohio App. LEXIS 3418 (12th Dist. Aug. 11, 2008).

In arguing the merits of this claim, Piesciuk relies entirely on *Stewart v. Erwin*, 503 F.3d 488 (6th Cir. 2007).  In that case the Sixth Circuit held there was no clearly established constitutional right of a criminal defendant to see all of the information relied on by a judge for sentencing. *Id.* at 498.  There is, however, a "clearly established, due process protection against sentencing determinations that rest in part on materially false information." *Id.*, *citing Townsend v. Burke*, 334 U.S. 736, 741 (1948).

Upon review of the re-sentencing transcript, the Court finds that Judge Nastoff represented that he had reviewed the trial transcript "from opening statements through disposition."  (Resentencing Tr., Return of Writ, Doc. No. 10-10, PageID 4940-41.)  He also reviewed many of the motions filed by Piesciuk *pro se. Id.*  He reviewed the motions Piesciuk presented that day as well as the presentence investigation. *Id.* at PageID 4942.  Piesciuk's attorney indicated there was no reason the re-sentencing could not proceed. *Id.* at PageID 4943. The judge also reviewed a new Supreme Court decision in *Cunningham v. California* which

34

Piesciuk's attorney agreed had no impact beyond *Foster* and *Blakely.*  *Id.*  at PageID 4981.

The prosecutor marked an Exhibit 1 having to do with a contract price on one of the restitution matters.  *Id.*  at PageID 5002.  Judge Nastoff indicated he wanted everything that he referred to to be part of the record. *Id*. at PageID 5003.  Other than that exhibit, which was made part of the record, the prosecutor read from the trial transcript and concluded by asking the court to re-sentence Piesciuk to a substantial imprisonment term "in keeping with the attitude that's been displayed by Mr. Piesciuk before this Court on repeated occasions."  *Id.*  at PageID 5020.

Before imposing sentence, Judge Nastoff recited for the record what he had considered.  *Id.*  at PageID 5020-24.  He indicated that Judge Bressler, who had presided at trial, had been affirmed. *Id.*  at PageID 5025.  He indicated he was not considering a prior charge of having weapons while intoxicated because no conviction was reported.  *Id.*  at PageID 5026.  He similarly discounted a bad check charge from Stark County in 1984. *Id.*  He accepted Piesciuk's version of a conviction in Dauphin County, Pennsylvania, that he had served time in the county jail rather than prison. *Id.*  at PageID 5028-30.  Judge Nastoff then imposed prison sentences on each count of conviction. *Id.*  at PageID 5040-47.

Nowhere in the record is there any reference to Judge Nastoff's considering victim impact statements, and he was careful to recite what materials he did rely on.  Piesciuk has therefore failed altogether to satisfy the predicate required by the Sixth Circuit in *Stewart*: because Judge Nastoff did not examine or rely on the victim impact statements, there is no possibility that Piesciuk was sentenced on materially false information included in those statements.

The Seventh Ground for Relief should be dismissed.

**Ground Eight: Ineffective Assistance of Counsel in Plea Negotiation**

In his Eighth Ground for Relief, Piesciuk claims he received ineffective assistance of trial counsel when his attorney failed to communicate a plea agreement offer. He asserts that he learned for the first time at the resentencing proceedings that a plea offer of between four and five years had been made and that his prior trial attorney had turned it down (Merit Brief, Doc. No. 6, PageID 102, citing the Resentencing Transcript at 15, PageID 4965). At the referenced place in the transcript, the attorney who was representing Piesciuk at the time indicates she learned from predecessor counsel, Paris Ellis, that there had been such an offer, but that Piesciuk himself turned it down.

The Warden argues this claim was found barred by *res judicata* by the court of appeals (Return of Writ, Doc. No. 8, PageID 156). Piesciuk, who was proceeding *pro se* on appeal from the resentencing, pled this claim as his Seventh Assignment of Error and the Twelfth District decided it as follows:

> [**\*P35**] Seventh Assignment of Error:
>
> [**\*P36**] "APPELLANT WAS PREJUDICED BY INEFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL FAILED TO CONVEY A PLEA OFFER FROM THE STATE."
>
> [**\*P37**] In this assignment, Piesciuk argues that he was never advised of a pre-trial plea offer and that he did not become aware that such an offer had been made until his counsel stated the same at the resentencing hearing.
>
> [**\*P38**] This court has previously held that "[a] defense attorney's failure to notify his client of a prosecutor's plea offer constitutes ineffective assistance of counsel * * * and satisfies the deficient

performance prong of the Strickland test." *State v. Hicks,* Butler App. No. CA2002-08-198, 2003 Ohio 7210, P14. However, there are multiple reasons why this assignment of error is meritless.

[*P39]  First, this claim is raised for the first time in the Court of Appeals. In order to be cognizable in this court, the issue must first be raised in the trial court. See generally: *State v. Longworth,* Clark App. No. 2001-CA-39, 2002 Ohio 4115; *Akron v. Callaway,* 162 Ohio App.3d 781, 2005 Ohio 4095, 835 N.E.2d 736; *State v. Awan* (1986), 22 Ohio St.3d 120, 22 Ohio B. 199, 489 N.E.2d 277.

[*P40]  Second, the record does not support this claim. The only evidence that there was a failure to communicate a plea offer to Piesciuk comes from his gratuitous, unsworn statement contained in his appellate brief. And there is no evidence that any such plea offer had previously been made. Any claim not supported by the record must be overruled by the Court of Appeals. See *State v. Golden,* Paulding App. No. 11-08-03, 177 Ohio App. 3d 771, 2008 Ohio 3227, 896 N.E.2d 170; *State v. Brooks,* Summit App. No. 23237, 2007 Ohio 1424.

[*P41]  Third, this claim relates to pretrial matters, not to the sole issues addressed at the resentencing hearing. As explained previously, the doctrine of res judicata prevents this court from reopening or reconsidering the issues from Piesciuk's original appeal. Errors of law, that were either previously raised or could have been raised through an appeal, may be barred from further review based upon the operation of res judicata. See, generally, *Perry, Saxon.* The record fails to demonstrate that Piesciuk was not, nor could not have been aware of this issue at the time of his initial appeal.

[*P42]  Finally, even if Piesciuk's trial counsel's performance was deficient, he has failed to show that he was prejudiced as a result. To establish prejudice, Piesciuk must show that he would have accepted the plea offer had it been communicated to him. He has failed to do so, and the record fails to demonstrate that. See *Haley v. United States* (C.A.6, 2001), 3 Fed. Appx. 426, certiorari denied, 534 U.S. 1031, 122 S. Ct. 568, 151 L. Ed. 2d 441.

*State v. Piesciuk*, 2008-Ohio-4054, 2008 Ohio App. LEXIS 3418 (12th Dist. Aug. 11, 2008).

In the Traverse, Piesciuk claims he had no knowledge of this plea offer before the

resentencing hearing and thus could not have raised it on his first appeal (Doc. No. 13, PageID 5114).  He also argues this Court has held such a claim requires an evidentiary hearing and in any event *res judicata* cannot bar habeas relief. *Id.* at PageID 5115 citing *Hicks v. Timmerman-Cooper,* 2007 U.S. Dist. LEXIS 60402 (S.D. Ohio Aug. 16, 2007) for the evidentiary hearing proposition.

Judge Spiegel's grant of an evidentiary hearing in *Hicks* is precluded by *Cullen v. Pinholster,* 563 U.S. ___, 131 S. Ct. 1388 (2011).  Piesciuk's claim that *res judicata* is not the sort of procedural bar which prevents habeas relief has been rejected many times by the Sixth Circuit.  See *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001).

The Twelfth District correctly held that it can be ineffective assistance of trial counsel to fail to communicate a plea offer.  *State v. Piesciuk*, 2008-Ohio-4054, ¶ 38, 2008 Ohio App. LEXIS 3418 (12th Dist. Aug. 11, 2008), citing state authority consistent with *Missouri v. Frye*, 566 U.S. ___, 132 S. Ct. 1399, 182 L. Ed. 2d 379 (2012), and *Lafler v. Cooper*, 566 U.S. ___, 132 S. Ct. 1376, 182 L. Ed. 2d 398 (2012).

The court of appeals also correctly held that the claim could not be raised for the first time on direct appeal, but was required to be raised in the trial court in the first instance. *Piesciuk*, 2008-Ohio-4054, ¶ 39.  It also noted that there was no record support for the claim and Piesciuk has not offered any in his Merit Brief or Traverse.

The court of appeals reference to *res judicata* is more subtle than the Warden claims.

38

The court adverted to the doctrine and cited *Perry, supra*, but did not hold that this was a claim which could have been raised on the first direct appeal.  Rather, it held that "[t]he record fails to demonstrate that Piesciuk was not, nor could not have been aware of this issue at the time of his first appeal." *Id.* at ¶ 41.

Piesciuk claims he first learned of the plea offer on March 13, 2007, more than eight years ago.  Nine months after learning of the plea offer, he filed a second petition for post-conviction relief on January 30, 2008 (State Court Record, Return of Writ, Doc. No. 9-2, Exh. 48, PageID 1043 et seq.).  That Petition contains fifteen claims of constitutional violation, most of which are assertions of ineffective assistance of trial counsel.  However, Piesciuk nowhere raises this particular claim of ineffective assistance of trial counsel, to wit, failure to convey a plea offer.  On June 5, 2009, Piesciuk supplemented his second petition, but nowhere included this claim, now more than two years after he allegedly first heard of the plea offer. *Id.* at Exh. 49, PageID 1071.  Judge Nastoff summarily denied the second petition on September 9, 2009. *Id.* at Exh. 52, PageID 1268.  The Twelfth District affirmed (State Court Record, Return of Writ, Doc. No. 9-3, Exh. 56, PageID 1423).

These facts demonstrate that Piesciuk has procedurally defaulted this claim.  An Ohio defendant can file a second post-conviction petition under Ohio Revised Code § 2953.23 if he can show that he was unavoidably prevented from learning the facts on which his claim depends. Piesciuk claims he only learned the relevant facts in March 2007, too late for his original post-conviction petition, but months before he filed his second petition which omitted this claim altogether.

Ground Eight should be dismissed with prejudice.

39

**Ground Nine:   Suppression or Alteration of Exculpatory Evidence and Ineffective Assistance of Trial Counsel**

In his Ninth Ground for Relief, Piesciuk claims he is entitled to habeas relief  because the State suppressed or altered exculpatory evidence in violation of his Sixth and Fourteenth Amendment rights under the United States Constitution.[4]

Piesciuk claims the State suppressed documentary evidence that he had obtained $8,000 for Steve Lajoye, his successor as owner of OHIC, which would have contradicted Lajoye's trial testimony "to the effect that Petitioner had left him with no capital with which to operate the business."  (Merit Brief, Doc. No. 6, PageID 105.)  Piesciuk gives no record reference for Lajoye testimony.   He also alleges copies of these documents were filed in support of his post-conviction petition, but no documents are attached to the copy of the Petition filed by Respondent (Return of Writ, Doc. No. 9-1).   Piesciuk alleges that when he heard the false testimony, he immediately urged his attorney to subpoena Bruce Huddleston, who could have given contrary testimony about funds provided to Lajoye (Merits Brief, Doc. No. 6, PageID 106).

The Warden asserts that Piesciuk's ineffective assistance of trial counsel claim in Ground Nine is procedurally defaulted, based on the finding of the Twelfth District in *State v. Piesciuk*, 2013-Ohio-3879, 2013 Ohio App. LEXIS 4041 (12th Dist. Sept. 9, 2013).   Dealing with both claims in Ground Nine, the Twelfth District held:

---

[4] In the Petition itself, Piesciuk also makes this claim under Article I, Section 16, rights under the Ohio Constitution. He does not repeat this reference in the Merit Brief and this Court cannot grant habeas relief for violation of Ohio constitutional rights.  28 U.S.C. § 2254(c).

[*P10]  Assignment of Error No. 1:

[*P11]  THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AND DUE PROCESS OF LAW IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS] [TO] THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION, BY THE STATE'S SUPPRESSION AND/OR ALTERATION, OF EXCULPATORY EVIDENCE.

[*P12]  In his first assignment of error, appellant contends trial counsel was ineffective for failing to investigate and find exculpatory evidence of payments he secured for the benefit of OHIC after he sold his majority interest in OHIC to Steve Lajoye in late 2000. Specifically, appellant contends his attorney would have found that appellant obtained $8,000 from OHIC customer Bruce Huddleston, which appellant believes "would have shown that [he] provided sufficient capital to operate OHIC and for Lajoye to begin fulfilling contracts [sic] obligations."

[*P13]  Appellant did not raise this issue in his 2005 petition for postconviction relief. We, therefore, cannot consider this issue for the first time on appeal. *See State v. Miley*, 77 Ohio App.3d 786, 789, 603 N.E.2d 1070, 603 N.E.2d 1071 (12th Dist.1991) ("an appellate court need not consider an error which a party complaining of the trial court's judgment could have called, but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court").

[*P14]  Accordingly, appellant's first assignment of error is overruled.

*Id.*

Piesciuk responds that, although this claim was not in his initial post-conviction petition, he included it in an April 25, 2005, amendment to and supplement of the original petition. Piesciuk relies on Ohio Revised Code § 2953.21(F) which provides "[a]t any time before the answer or motion is filed, the petitioner may amend the petition with or without leave or prejudice to the proceedings. The petitioner may amend the petition with leave of court at any time thereafter." Piesciuk filed a number of such amendments or supplements and his theory is

41

that his time to do so without leave of court did not expire until the State first filed a responsive

pleading on August 27, 2009  (Traverse, Doc. No. 13, PageID 5116).  However, Judge Nastoff

entered judgment April 1, 2005, denying the post-conviction petition (Return of Writ, Doc. No.

9-1, Exh. 29, PageID 688).  Implicit in Ohio Revised Code § 2953.21(F) is that supplements or

amendments are to be filed pre-judgment; the State would not be expected to file a response in a

case where judgment had already been entered in its favor.  In any event, the Twelfth District did

not adopt Piesciuk's argument that his March 2005 post-conviction petition could be freely

amended or supplemented until August 2009.  This Court is bound by that court's interpretation

of Ohio law.

Ground Nine should be dismissed.


**Ground Ten:   Suppression or Alteration of Exculpatory Evidence and Ineffective Assistance of Trial Counsel**

While worded identically to Ground Nine, Piesciuk's Tenth Ground for Relief speaks to

different evidence.  He claims the prosecutor entered in evidence State's Exhibit 52, a Yellow

Pages advertisement for OHIC, but "had the date of publication of the ad removed from the torn

off ad in [the] Exhibit."  (Merit Brief, Doc. No. 6, PageID 107.)  Piesciuk claims the actual

publication date was 1999, the ad was placed by the predecessor owner of OHIC, the prosecutor

knew these facts, and intentionally misrepresented the facts to the jury. *Id.*  at PageID 108.

Piesciuk claims these facts show a violation of his rights under *Napue v. Illinois*, 360 U.S. 264,

269 (1959), and *Brady v. Maryland*, 373 U.S. 83 (1963).  Piesciuk also claims ineffective

assistance of trial counsel in that, when the testimony was offered, he asserts he immediately

urged his trial counsel to obtain the full ad and show it to the jury, which counsel failed to do (Merit Brief, Doc. No. 6, PageID 109).

At least the ineffective assistance of trial counsel portion of this claim was raised on appeal from denial of the post-conviction petition as the Second Assignment of Error.  The Twelfth District decided it as follows:

> [*P15]  Assignment of Error No. 2:
>
> [*P16]  THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AND DUE PROCESS OF LAW IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS] [TO] THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION, BY THE STATE'S SUPPRESSION AND/OR ALTERATION, OF EXCULPATORY EVIDENCE. [Footnote omitted.]
>
> [*P17]  In his second assignment of error, appellant asserts trial counsel was ineffective for failing to discredit the state's trial Exhibit No. 52, a yellow pages advertisement for OHIC publicizing the company's decades of experience in home remodeling. At trial, the state introduced the advertisement into evidence as proof that appellant, who purchased OHIC in 2000 with little experience in the field, placed the ad to entice and deceive customers into contracting with OHIC. Appellant claims the advertisement was placed by OHIC's previous owner, that the advertisement was altered by the prosecution, and that he had informed his trial counsel "sufficiently in advance of trial" that he had not placed the ad, but his counsel did not investigate these issues.
>
> [*P18]  We find that appellant's claim is barred by the doctrine of res judicata, which states that "a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction, or on an appeal from that

judgment." *Wagers*, 2012 Ohio 2258 at ¶ 10, citing *State v. Szefcyk*, 77 Ohio St.3d 93, 1996 Ohio 337, 671 N.E.2d 233 (1996), syllabus. "Res judicata is a proper basis for dismissing a defendant's petition for postconviction relief when the defendant, represented by new counsel on direct appeal, fails to raise therein the issue of competent trial counsel and the issue could fairly have been determined without resort to evidence outside the record." *Id.* at ¶ 11, citing *State v. Cole*, 2 Ohio St.3d 112, 2 Ohio B. 661, 443 N.E.2d 169 (1982), syllabus. However, "there is an exception to the res judicata bar when the petitioner presents competent, relevant, and material evidence outside the record *that was not in existence and available to the petitioner in time to support the direct appeal.*" (Emphasis added.) *Id.* at ¶ 12, citing *State v. Lawson*, 103 Ohio App.3d 307, 315, 659 N.E.2d 362 (12th Dist.1995). Evidence outside the record, or evidence dehors the record, must demonstrate that appellant could not have appealed the constitutional claim based upon information in the original record and such evidence must not have been in existence and available to the petitioner at the time of trial. *Id.*

[*P19]  Appellant's petition for postconviction relief clearly states that he knew "sufficiently in advance of trial" about the yellow pages advertisement and that his trial counsel had not sufficiently investigated the authenticity of the advertisement. Any claim that his trial counsel was ineffective for failing to investigate the advertisement could have, and should have, been raised on direct appeal.

[*P20]  Appellant's second assignment of error is, therefore, overruled.

*State v. Piesciuk*, 2013-Ohio-3879, 2013 Ohio App. LEXIS 4041 (12th Dist. Sept. 9, 2013).

Piesciuk disagrees with the Twelfth District's *res judicata* conclusion because he says the full Exhibit 52 showing the 1999 date was not part of the record on direct appeal and thus the claim had to be presented in post-conviction. This Court agrees. While, as the Twelfth District notes, Piesciuk had new counsel on appeal and that counsel could have pointed to the absence of part of the relevant Yellow Pages ad, the full ad was not part of the record, nor was there any evidence about alteration of the ad. The ineffective assistance of trial counsel claim is preserved

for merits consideration in this Court.

The governing standard for that claim is found in *Strickland v. Washington*, 466 U.S. 668

(1984):

> A convicted defendant's claim that counsel's assistance was so
> defective as to require reversal of a conviction or death sentence
> has two components.  First, the defendant must show that counsel's
> performance was deficient.  This requires showing that counsel
> was not functioning as the "counsel" guaranteed the defendant by
> the Sixth Amendment.  Second, the defendant must show that the
> deficient performance prejudiced the defense.  This requires
> showing that counsel's errors were so serious as to deprive the
> defendant of a fair trial, a trial whose result is reliable.  Unless a
> defendant makes both showings, it cannot be said that the
> conviction or death sentence resulted from a breakdown in the
> adversary process that renders the result unreliable.

466 U.S. at 687.

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly
> deferential. . . .  A fair assessment of attorney performance requires
> that every effort be made to eliminate the distorting effects of
> hindsight, to reconstruct the circumstances of counsel's challenged
> conduct, and to evaluate the conduct from counsel's perspective at
> the time.  Because of the difficulties inherent in making the
> evaluation, a court must indulge a strong presumption that
> counsel's conduct falls within a wide range of reasonable
> professional assistance; that is, the defendant must overcome the
> presumption that, under the circumstances, the challenged action
> "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability
> that, but for counsel's unprofessional errors, the result of the
> proceeding would have been different.  A reasonable probability is
> a probability sufficient to overcome confidence in the outcome.

45

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168, 184 (1986), *citing Strickland, supra*; *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998), *citing Strickland, supra*; *Blackburn v. Foltz,* 828 F.2d 1177, 1180 (6th Cir. 1987), *quoting Strickland,* 466 U.S. at 687. "The likelihood of a different result must be substantial, not just conceivable." *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011), *cert. denied,* ___ U.S. ___, 132 S. Ct. 1760 (2012), *quoting Harrington v. Richter*, 562 U.S. 86, 112 (2011).    Counsel's performance is measured by "prevailing professional norms" at the time of the alleged errors. *Rickman v. Bell*, 131 F.3d 1150, 1154 (6th Cir. 1997).

Piesciuk's pleadings in general (47 page Petition, 60 page Merit Brief, 64 page Traverse with 57 pages of exhibits plus hundreds of pages more in the Ohio courts) show his commitment to a belief that "the devil is in the details."  Thus with the sufficiency of the evidence claim in Ground One, he believed if he could just show he purchased some materials or did some work on each of the jobs, he was entitled to exoneration.  At sentencing and then numerous times thereafter, he fought classification of his time in the Dauphin County Prison as "prison time," as opposed to jail time.  As the prosecutor argued at resentencing, Piesciuk is unwilling to take responsibility for any of his own acts; it is always someone else's fault.

The ineffective assistance of trial counsel claim that is part of Ground Ten should be viewed in this light.  Given all of the other evidence against Piesciuk, a reasonable attorney might not have taken the time to obtain proof that the ad in question had been placed by the prior owner.  But even assuming it was deficient performance to fail to investigate, there is no showing of prejudice.  It is highly unlikely that a jury would have given much weight to evidence that the prior owner placed the ad.  Piesciuk bought the business with that ad in place and stood

46

to gain from whatever goodwill had been built up for that business name.  If the prior goodwill was of no use to him or nonexistent, why buy the business?  Piesciuk points to no place in the record where he took the stand and told the jury he had no experience in the home remodeling business and had told customers that.  In the absence of any proof of prejudice, there is no viable ineffective assistance of trial counsel claim.

The *Napue* claim has even less merit for Piesciuk points to no evidence that the prosecutor deliberately falsified the evidence.  We simply do not know why State's Exhibit 52 does not show the date of publication which appears in very small print at the bottom of the page.

Finally, there is no *Brady* claim here.  As the Twelfth District found, Piesciuk admitted in his post-conviction petition that he knew about the ad well before trial.

Ground Ten should be dismissed.

## Ground Eleven:  Ineffective Assistance of Trial Counsel

In his Eleventh Ground for Relief, Petitioner alleges that all of the business records of OHIC were stolen by his vindictive ex-wife who "broke into his company and stole all of his business records on September 5, 2000." (Merit Brief, Doc. No. 6, PageID 109.)  Allegedly the documents have been recovered and maintained by the Middletown Police Department and they would prove that Piesciuk is innocent, but is trial lawyer failed to retrieve them. *Id.*  at PageID 109-10.

The Warden claims this Ground for Relief is barred by *res judicata*, based on the finding

47

of the Twelfth District (Return of Writ, Doc. No. 8, PageID 159).  Piesciuk's relevant assignment

of error was decided as follows:

> [*P21]  Assignment of Error No. 3:
>
> [*P22]  THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AND DUE PROCESS OF LAW IN VIOLATION OF THE SIXTH AMENDMENT [TO] THE UNITED STATES CONSTITUTION, BY TRIAL COUNSEL'S FAILURE TO OBTAIN "OHIC" RECORDS, FROM THE MIDDLETOWN POLICE DEPARTMENT THAT HAD BEEN STOLEN FROM THE "OHIC" IN A BREAK IN [SIC] THAT OCCURRED ON SEPTEMBER 5, 2000.
>
> [*P23]  In his third assignment of error, appellant claims trial counsel was ineffective for failing to obtain records from the Middletown Police Department that were stolen from appellant's business in a September 2000 break-in. Appellant claims that had his trial counsel located the records and presented them at trial, the state would not have proved that appellant intended to deceive OHIC's customers.
>
> [*P24]  We find that appellant's claim is barred by the doctrine of res judicata as appellant could have raised this issue on direct appeal. *See Wagers*, 2012 Ohio 2258 at ¶ 10. We further note that appellant failed to attach any of the business records to his petition for postconviction relief. Accordingly, the role that such records would have played in the outcome of appellant's trial is nothing but mere speculation. "Conjecture built upon insufficiently supported speculation does not establish substantive grounds entitling a defendant to postconviction relief." *State v. English*, 9th Dist. Lorain No. CA 99CA007408, 2000 Ohio App. LEXIS 848, 2000 WL 254912, *4 (Mar. 8, 2000).
>
> [*P25]  Appellant's third assignment of error is overruled.

*State v. Piesciuk,* 2013-Ohio-3879, 2013 Ohio App. LEXIS 4041 (12ᵗʰ Dist. Sept. 9, 2013).

The Court agrees with Piesciuk that this issue could not have been litigated on direct

appeal because the documents in question were not of record.  To that extent, the Twelfth

District's *res judicata* ruling is in error.  However, the second part of that ruling is correct:

48

because none of the supposedly exonerating documents were attached to the post-conviction petition, Piesciuk had not shown entitlement to relief.[5]  Because he has not presented the documents to the Ohio courts, Piesciuk has not shown that it was ineffective assistance of trial counsel to fail to obtain and present them at trial.  All Piesciuk has shown about the documents is three sheets of copies of Middletown Police Property tags purporting to show receipt of various items from Cheryl Piesciuk  on September 13, 2000 (Traverse, Doc. No. 13-1, Exhs. D-1, D-2, D-3, PageID 5164-66).

Piesciuk has failed to show that failure to obtain and present these documents was ineffective assistance of trial counsel.  His Eleventh Ground for Relief should be dismissed.

## Ground Twelve:  Ineffective Assistance of Trial Counsel

In his Twelfth Ground for Relief, Piesciuk claims it was ineffective assistance of trial counsel for his trial attorney to obtain and present OHIC business records from the law firm that assertedly incorporated OHIC and assisted with the purchase of the business (Merit Brief, Doc. No. 6, PageID 111-13).  Allegedly these documents would have refuted the testimony of Amy Parker, who Piesciuk hired as a bookkeeper for OHIC, that the business was undercapitalized. *Id.*

The Warden asserts this Ground for Relief is barred by *res judicata,* based on the holding of the Twelfth District which is as follows:

[*P26]  Assignment of Error No. 4:

[*P27]  THE  APPELLANT  WAS  DENIED  EFFECTIVE

---

[5] Piesciuk claims the documents were submitted not once but twice to the Ohio courts.  See Traverse, Doc. No. 13, PageID 5121.  They are not attached to the Post-conviction Petition as filed as part of the record in this case, Return of Writ, Doc. No. 9-1, PageID 662-87.

49

ASSISTANCE OF COUNSEL AND DUE PROCESS OF LAW IN VIOLATION OF THE SIXTH AMENDMENT [TO] THE UNITED STATES CONSTITUTION BY TRIAL COUNSEL'S FAILURE TO OBTAIN "OHIC" RECORDS FROM THE LAW FIRM PRATT, SINGER & THOMAS.

[*P28]  In his fourth assignment of error, appellant asserts trial counsel was ineffective for failing to present a letter from attorney Andrew Singer advising appellant on the capitalization of OHIC. Appellant failed to attached a copy of the letter to his petition for postconviction relief, but nonetheless contends that the letter would have countered the state's theory that appellant undercapitalized the business in an attempt to deceive.

[*P29]  Again, we find that appellant's claim is barred by the doctrine of  res judicata as appellant could have raised this issue on direct appeal. *See* *Wagers* at ¶ 10. Additionally, as appellant did not attach a copy of the letter to his petition for postconviction relief, the trial court did not abuse its discretion in determining that appellant was not prejudiced by his trial counsel's choice not to enter the letter into evidence. As stated above, "[conjecture built upon insufficiently supported speculation does not establish substantive grounds entitling a defendant to postconviction relief." *English*, 2000 Ohio App. LEXIS 848, [WL] at *4.

[*P30]  Accordingly, appellant's fourth assignment of error is overruled.

*State v. Piesciuk,* 2013-Ohio-3879, 2013 Ohio App. LEXIS 4041 (12th Dist. Sept. 9, 2013).

It is unclear to this Court whether the documents at issue are multiple OHIC records or just the letter mentioned by the court of appeals.  As with Ground Ten, the Magistrate Judge disagrees with the Twelfth District's conclusion that this claim is barred by *res judicata*  because it could have been presented on direct appeal in that it depends on evidence outside the record. The Twelfth District found as a matter of fact that the document had not been submitted with the post-conviction petition.  Piesciuk claims in his Merit Brief that "[c]opies of such relevant documents were submitted to the trial court with Post-Conviction Pleadings and are part of the

record herein. . . ."  However, as with the documents referenced in Ground Eleven, no such documents are attached to the copy of the Post-Conviction Petition filed as part of the record.

In the absence of the document in question, Piesciuk has failed to prove that it was ineffective assistance of trial counsel to fail to offer the letter in evidence or to use it in cross-examining Amy Parker.  Therefore the Twelfth Ground for Relief should be dismissed.


**Ground Thirteen:  Ineffective Assistance of Trial Counsel**


In his Thirteenth Ground for Relief, Piesciuk claims he received ineffective assistance of trial counsel when he failed to call attorney Jonathan Fox who could have given testimony to undermine the State's undercapitalization theory (Merit Brief, Doc. No. 6, PageID 113).[6]  The Warden concedes this claim is preserved for merits review because the Twelfth District decided it on the merits.  That decision reads:

> **[*P31]**  Assignment of Error No. 5:
>
> **[*P32]**  THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AND DUE PROCESS OF LAW IN VIOLATION OF THE SIXTH AMENDMENT [TO] THE UNITED STATES CONSTITUTION, BY TRIAL COUNSEL'S FAILURE TO INVESTIGATE AND/OR CALL WITNESSES TO THE STAND WHO HAD EXCULPATORY EVIDENCE.
>
> **[*P33]**  In his fifth assignment of error, appellant asserts trial counsel was ineffective for failing to call Jonathan Fox and other unnamed "exculpatory witnesses" at trial. Appellant claims that Fox would have testified that OHIC was sufficiently capitalized and the other unnamed "exculpatory witnesses" would have affirmatively established appellant had every intention of completing his obligations to OHIC's customers.

---

[6] Piesciuk refers to Fox as "one such specific witness" who was not called, but then refers to no other such witnesses.  *Id.*

51

[*P34]  Other than Fox, appellant did not identify the names of the witnesses he believes his counsel should have called at trial. Further, appellant did not attach affidavits from any witnesses detailing what their testimony would have been had they been called as witnesses at trial. We agree with the trial court that, absent information concerning the substance of their testimony, any benefit such testimony would have had on appellant's case is unknown. It would be pure speculation to conclude that the results of appellant's trial would have been different had the unnamed individuals testified. Appellant has, therefore, failed to demonstrate how he was prejudiced by his trial counsel's actions.

[*P35]  Accordingly, appellant's fifth assignment of error is overruled.

*State v. Piesciuk,* 2013-Ohio-3879, 2013 Ohio App. LEXIS 4041 (12th Dist. Sept. 9, 2013).

Piesciuk claims that he did in fact provide "documentary evidence"[7] in support of his post-conviction petition and references a finding by Twelfth District Magistrate Bennett Manning which is attached to the Traverse as Exhibit F (PageID 5169).  Magistrate Manning's finding, however, is that there were no documents attached to the post-conviction petition as filed in March 2005. *Id.*  The Magistrate's Entry was in deciding a motion by Piesciuk to expand the record which he denied because "all of the exhibits attached to appellant's motion to supplement the record appears elsewhere in the record" with three immaterial exceptions. However, there is no showing made by Piesciuk that any document showing what Fox's testimony would have been is among those documents referenced by Magistrate Manning.  The Warden's counsel represents to the Court that "Respondent has filed the post-conviction petition that was obtained from the state courts (Exhibit 28).  There are no documents attached to the post-conviction petition and Respondent does not have any such documents in his possession."

---

[7] The Magistrate Judge has been unable to find any place where Piesciuk claims he presented an affidavit from attorney Fox to the Ohio courts.

(Return of Writ, Doc. No. 8, PageID 182.)

In the absence of a showing of what attorney Fox was prepared to testify to at the time of trial, Piesciuk has not established that it was ineffective assistance of trial counsel to fail to call Fox to testify.  Therefore the Thirteenth Ground for Relief should be dismissed.

**Ground Fourteen:  Ineffective Assistance of Trial Counsel**

In his Fourteenth Ground for Relief, which Respondent concedes is preserved for merit review, Piesciuk again claims ineffective assistance of trial counsel for failure to call exculpatory witnesses other than attorney Fox.  Piesciuk raised this as assignment of error ten on appeal of denial of his post-conviction petition.  The Twelfth District decided the claim as follows:

> [*P57]  Assignment of Error No. 10:
>
> [*P58]  THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AND DUE PROCESS OF LAW IN VIOLATION OF THE SIXTH AMENDMENT [TO] THE UNITED STATES CONSTITUTION, BY TRIAL COUNSEL'S FAILURE TO PROPERLY INVESTIGATE AND/OR INTERVIEW STATE AND DEFENSE WITNESSES IN ORDER TO ADEQUATELY PREPARE A DEFENSE AND PREPARE FOR TRIAL.
>
> [*P59]  In his tenth assignment of error, appellant asserts trial counsel was ineffective for failing to investigate or interview material witnesses in preparing his defense. Specifically, appellant contends that counsel failed to interview witnesses named in his supplemental discovery responses filed on December 8, 2003 and December 15, 2003. Appellant contends that without the testimony of such witnesses, his trial counsel could only provide a "skeletal" defense at trial.
>
> [*P60]  Similar to his fifth assignment of error, appellant did not attach any affidavits stating what each witness would have testified

53

to at trial. We agree with the trial court that absent information concerning the substance of each witness' testimony, any benefit such testimony would have had on appellant's case is unknown. It would be pure speculation to conclude that the results of appellant's trial would have been different had the witnesses testified. Appellant, therefore, fails to demonstrate how he was prejudiced by his trial counsel's actions.

[*P61]  Appellant's tenth assignment of error is, therefore, overruled.

*State v. Piesciuk,* 2013-Ohio-3879, 2013 Ohio App. LEXIS 4041 (12th Dist. Sept. 9, 2013).

Piesciuk's response is the same as with Ground Thirteen:  the documents are there and were there when he initially filed and Magistrate Manning found that to be true.  As noted with Ground Thirteen, the documents are not part of the state court record as filed with this Court and Magistrate Manning's entry does not say on its face what documents are part of the record from later filings, although he confirmed Judge Nastoff's and the Twelfth District's findings that there are no attachments to the original filing.

In the absence of proof of what the uncalled witnesses would have testified to, Piesciuk has not shown it was ineffective assistance of trial counsel to fail to call them.  Ground Fourteen should therefore be dismissed.

**Ground Fifteen:  Ineffective Assistance of Trial Counsel**

In his last Ground for Relief, Piesciuk claims in general terms that his attorney failed to interview witnesses and to prepare for trial.  He particularizes this claim in his Merit Brief by referencing records from his accounting firm, Clark, Schaeffer & Hackett, which he says were

54

subpoenaed by his trial attorney but never offered in evidence (Doc. No. 6, PageID 117).

This claim was raised as Assignment of Error Nine on appeal from denial of the post-conviction petition and the Twelfth District disposed of it as it had of other similar claims:

> [*P51]  Appellant's eighth assignment of error is, therefore, overruled.
>
> [*P52]  Assignment of Error No. 9:
>
> [*P53]  THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AND DUE PROCESS OF LAW IN VIOLATION OF THE SIXTH AMENDMENT [TO] THE UNITED STATES CONSTITUTION, BY TRIAL COUNSEL'S FAILURE TO SUBMIT TO THE COURT EXCULPATORY EVIDENCE [Footnote omitted.] .
>
> [*P54]  In his ninth assignment of error, appellant argues trial counsel was ineffective for failing to present documents in the possession of the accounting firm Clark, Schaeffer & Hackett. Appellant contends the documents would have rebutted testimony from former OHIC employee Amy Parker that OHIC suffered from poor bookkeeping. Appellant did not attach any of these documents to his petition for postconviction relief.
>
> [*P55]  Appellant's claim is barred by the doctrine of res judicata as appellant could have raised the issue on direct appeal. *See Wagers* at ¶ 10. Furthermore, as appellant did not attach a copy of the records kept by Clark, Schaeffer & Hackett to his petition for postconviction relief, we find that the trial court did not abuse its discretion in determining that appellant was not prejudiced by his trial counsel's decision not to enter the records into evidence. Without knowing the content of such records, it would be pure speculation to conclude that the records would have affected the outcome of appellant's trial.
>
> [*P56]  Accordingly, appellant's ninth assignment of error is overruled.

*State v. Piesciuk,* 2013-Ohio-3879, 2013 Ohio App. LEXIS 4041 (12th Dist. Sept. 9, 2013).

As with Ground for Relief Ten, the Magistrate Judge disagrees with the Twelfth

District's conclusion that this claim could have been raised on direct appeal.  However, the Twelfth District also found Piesciuk failed to support the claim with any of the Clark, Schaeffer & Hackett records.  Piesciuk again claims the records were filed in March 2005, but they are not part of the record filed here and Magistrate Manning's Entry does not contain a clear reference to these documents.

In the absence of those documents, Piesciuk has failed to show it was ineffective assistance of trial counsel to fail to present them.  Ground Fifteen should therefore be dismissed.

**The State of the Record**

The Magistrate Judge anticipates that Petitioner may seek to have this Court order expansion of the record since the record now before the Court does not contain many documents on which he relies, which he claims he filed, which the Twelfth District found were not in the record, and which Respondent's counsel represents are not in Respondent's possession.  If Respondent has difficulty obtaining the complete state court record, the Court is prepared, if requested by Respondent, to issue a writ of certiorari to the Butler County Clerk of Courts to obtain the record.

As the Notice at the end of this Report indicates, the parties are permitted to file objections to the Report.  Because the record in this case is already over 5,000 pages, the parties' attention is directed to Footnote 1 which references this Court's Standing Order that record citations be to the PageID number.  A federal habeas court is not required, on behalf of either party, to search the record to try to find record evidence to support an assertion by a party.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice as Petitioner has not proven his entitlement to relief.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

April 13, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).