# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

JOSEPH PIESCIUK,

                Petitioner,             :    Case No. 1:14-cv-185

      - vs -                        District Judge Timothy S. Black
                                    Magistrate Judge Michael R. Merz

BENNIE KELLY, Warden,
 Grafton Correctional Institution,

                              :
              Respondent.

---

# SUPPLEMENTAL REPORT AND RECOMMENDATIONS

---

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 21) to the Magistrate Judge's Report and Recommendations (the "Report," ECF No. 18). Judge Black has recommitted the case for reconsideration in light of the Objections (ECF No. 22). With the Court's permission, Petitioner has filed an Amended Reply (ECF No. 35), making the recommittal ripe.

The Petition in this case pleads fifteen Grounds for Relief (ECF No. 1, PageID 9-43). The Magistrate Judge recommended dismissing all of them with prejudice (Report, ECF No. 18). Petitioner objects only as to the First Ground for Relief which claimed that his convictions for theft by deception, money laundering, and engaging in a pattern of corrupt activity were entered on insufficient evidence. The Report concluded that sufficiency of the evidence claims as to the money laundering and corrupt activity convictions had been procedurally defaulted in the state courts and Piesciuk makes no objection to that conclusion. Therefore the only issue before the Magistrate Judge on recommittal is the merit of the claim that there was insufficient evidence on

each of the thirteen counts of theft by deception on which he was convicted.

The Report notes that this claim was raised on direct appeal and decided adversely to Piesciuk by the Ohio Twelfth District Court of Appeals (Report, ECF No. 18, PageID 5203-06, *quoting State v. Piesciuk,* 2005-Ohio-5767, 2005 Ohio App. LEXIS 5187 (12th Dist. Oct. 31, 2005)). The Report read Piesciuk's argument to be that he had started work on each of the projects involved in the thirteen counts of conviction and therefore the State could not show he committed theft by deception because he did not intend to finish them. *Id.* at 5206. Piesciuk relied on two Ohio cases, *State v. Coleman*, 2003-Ohio-5724, 2003 Ohio App. LEXIS 5118 (2nd Dist. Oct. 24, 2003), and *State v. Chait*, 2012-Ohio-6104, 2012 Ohio App. LEXIS 5268 (9th Dist. Dec. 26, 2012)), and the Report distinguished both of them (ECF No. 18, PageID 5206-08).

In his Objections, Piesciuk "challenges the court to make a thorough review of the testimony from trial and subsequently the trial courts [sic] actions in dismissing multiple counts at the close of the State's case in chief through a motion under [Ohio] Crim R. 29. . ." (Objections, ECF No. 21, PageID 5255, citing trial transcript PageID 1940 through 4274 or 2,334 pages of testimony). Piesciuk says if this Court will compare the testimony on the dismissed counts with the testimony on the counts of conviction, it will find "the same continuing mindset of the Petitioner during his tenure as President of the company of moving forward and substantially completing the projects." *Id.* at PageID 5255. He says if this Court will just review

> the testimony of the victims and the proffered Exhibit "C"[1] from trial, this Honorable Court must find the evidence did not support a conviction on the remaining counts of Theft by Deception. The victims' answers to the questions put before them during trial demonstrate that Petitioner's actions do not rise to sustain any violations of the criminal statute.

---

[1] The Court cannot review the proffered exhibit because it was not part of the record on which the state courts reached their decision. *Cullen v. Pinholster,* 563 U.S. 170 (2011).

*Id.* at PageID 5256.  Piesciuk quotes no victim testimony at all.  He does not show that at some place in the referenced 2,300 plus pages of testimony some victim admitted he or she was not deceived or believed Piesciuk intended to finish a particular project.  Phrased in this way, Petitioner is essentially asking this Court to engage in a de novo review of the evidence to decide his First Ground for Relief.[2]

That is not the way this claim was presented to the state courts.  On appeal, Piesciuk laid out the counts of conviction for each homeowner and argued that

> in each instance work was begun and even continued as contemplated by the Contracts in each case.  Therefore, when payments were made by the homeowners pursuant to the terms of the contract, continued work demonstrates a lack of intent to just take money and run.

(Brief, State Court Record, ECF No. 9-1, PageID 307.)  In other words, Piesciuk seemed to be relying in the state courts on the claim that if he did some work on each project, that conclusively demonstrated he had no intent to deceive and this applied to each and every count of conviction as to the homeowners.  The analysis of the First Ground for Relief in the Report is fairly short because this claim about the legal significance of completing some of the work was properly rejected by the Twelfth District.  Piesciuk had made no individualized claims as to particular projects (e.g., Mrs. X admits she was not deceived, or Mr. Y's project was in fact completed).  The Report concluded that it is not the case, as a matter of Ohio law, that if part of the work is done, the contractor has conclusively demonstrated no intent to deceive.  Surely completion of some of the work is evidence against a charge of intent to deceived, but not conclusive evidence.  This federal court is of course bound by that interpretation of Ohio law.

---

[2] Petitioner actually says he wants "the Honorable Judge Black [to] review the entire record denovo [sic] on the claim of Sufficiency of the Evidence." (Objections, ECF No. 21, PageID 5264.)

Piesciuk objects that he "finds it very disconcerting that the Magistrate Judge . . . made a ruling denying him relief. . . .  There is conspicuously absent from the opinion, any reference to the trial court record, showing where the Magistrate Judge found any evidence of the Petitioner's felonious purpose to deprive the victims of their due, . . ." (Objections, ECF No. 21, PageID 5256.)  Again, this objection evinces a belief that habeas review is de novo.  Rather, on the case authority cited in the Report, it is to be doubly deferential on a sufficiency of the evidence claim, both to the jury and to the appellate court that upheld the jury verdict.  To put it another way, the finding of fact by the state courts – that Piesciuk intended to deceive his customers – is binding unless the Petitioner shows it is in error by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

Piesciuk argues that theft by deception requires "the government to prosecute frauds that were not breaches of contracts."  It is certainly true that not every breach of contract is a theft by deception; the State must prove in addition that the contractor intended to defraud the homeowner by not performing as promised.  On the other hand, in habeas, a petitioner in Piesciuk's situation must prove by clear and convincing evidence that was before the trial court that he did not intend to defraud his customers; his mere testimony to his good intentions and partial performance is not enough.

Piesciuk spends some portion of the Objections arguing about the amounts of restitution ordered by the trial court.  Habeas, however, is concerned only with custody and not with the restitution awards.  To put it another way, habeas is available only to correct unconstitutional imprisonment, not state court error in assessing damages to victims.

After the case was recommitted and at Petitioner's request, the record was expanded to include the trial exhibits (ECF No. 33).  In the Objections Piesciuk particularly calls the Court's

attention to Exhibit 94 which he describes as

> a Spread Sheet, which conspicuously shows that Petitioner did not
> take but minimal amounts of money from the company, nor does it
> show he had a continuing course of conduct in furtherance of some
> artifice or scheme, but the polar opposite, where he paid small
> personal bills, but not in excessive amounts, further proving he
> intended to fulfill his obligations to the clients of "OHIC."

(ECF No. 21, PageID 5264.)  The document in question is State's Exhibit 94, now in the record at ECF No. 33-5, PageID 7312-36.  It appears to be a 26-page spreadsheet showing disbursements from an OHIC account at Fifth-Third Bank.  Petitioner gives no reference to any testimony which explains the exhibit or suggests that it proves what he says it shows.

**The Amended Traverse**

After the case was recommitted, Petitioner sought leave to file an amended traverse, ostensibly for the purpose of complying with the Magistrate Judge's Standing Order to cite pages of the filed record with the PageID number provided by the Court's CM/ECF filing system (Motion, ECF No. 29).  Obviously, Petitioner had not been subject to this Order when the case was pending before Magistrate Judge Bowman since it does not apply to her cases.  Petitioner notes that "the record is extremely lengthy (over 6,000 pages)."  *Id.*  at PageID 6121.  The Court expected, as it was promised, a revised document that would make it easier to reference the trial record.

With the Court's permission and after the trial exhibits were filed, Piesciuk filed a 58-page Amended Traverse and Response on November 20, 2015 (ECF No. 35, PageID 7354-7411).  He says his purpose in the Amended Traverse is "to highlight the constitutional errors,

like peaks of meringue, that require this Court to" grant habeas relief.  *Id.*  at PageID 7365.

To the extent the Amended Traverse attempts to raise new objections to the Report and Recommendations, it will be disregarded.  Fed. R. Civ. P. 72 provides a fourteen-day period for filing objections, lengthened to seventeen days when served by mail.  The Report was filed April 13, 2015, which made objections due April 30, 2015.  Piesciuk twice requested and was granted extensions of time to object, eventually using almost two months to do so (See ECF No. 19, 20, 21).  In allowing an amended traverse, the Court did not grant permission to expand the Objections, nor would it have been fair to the State to do so.  The Court's consideration of the Amended Traverse will be limited to considering additional argument on the First Ground for Relief, the asserted insufficiency of evidence on the theft by deception counts.

Petitioner does not turn his attention to the First Ground for Relief until page 8 of the Amended Traverse (ECF No. 35, PageID 7361).  He begins with an objection about how the trial court let a number of counts go to the jury together and asserts it was a violation of Ohio R. Evid. 404(B).  *Id.* at PageID 7362-64.  The rule in question prohibits the introduction of evidence of other "bad acts" because such evidence may lead a jury to find a defendant is of bad character and convict him or her on that basis.  That is not what is involved here.  The State did not attempt to prove Petitioner committed theft by deception because, at some prior time, he had committed other crimes.  Rather, these theft by deception offenses, separate as they were, were tried together as permitted by Ohio R. Crim. P. 8(A).  Petitioner's argument that he was entitled to have the evidence "compartmentalized" amounts to an argument that these offenses should have been tried separately.  The Court is not aware that Piesciuk ever objected to joining the charges for trial.

The overlap of the evidence from the different counts was necessary to provide the jury

with a pattern of behavior from which it could reasonably infer the intent to deceive.  Considered separately, each of these home repair contracts might have looked like a civil breach of contract case.  When considered together, they allowed the necessary inference.

Petitioner's next argument is that it was mandatory under Ohio law to aggregate these separate instances of theft by deception into one offense, relying on *State v. Phillips*, 2010-Ohio-2711, 2010 Ohio App. LEXIS 2201 (12th Dist. 2010).  This is also not an argument made anywhere in the state court proceedings; at least Piesciuk has provided no reference to any such argument.  Secondly, this is not a constitutional argument, but relies entirely on state statute, Ohio Revised Code § 2913.61.  Third, *Phillips* was decided five years after the Twelfth District decided Piesciuk's case.  Fourth, this claim is nowhere made in the Petition.

It is only after fourteen pages of his Amended Traverse that Petitioner gets to a section he labels Ground One (ECF No. 35, PageID 7367).  He begins with lengthy quotations from *State v. Fasino,* 2015-Ohio-2265, 2015 Ohio App. LEXIS 2178 (8th Dist. Jun. 11, 2015), and *State v. Chait*, 2012-Ohio-6104, 2012 Ohio App. LEXIS 5268 (9th Dist. Dec. 26, 2012), purportedly to prove that "where, as here, the defendant takes money to perform work, begins the work, and/or purchases supplies to perform the work, the requisite element of intent cannot be made."

The cited cases do not stand for that proposition (*Chait* is discussed at length in the Report).  That reading of the law would defeat its purpose in cases like this.  Suppose, for example, a case where the contractor enters into a $30,000 bathroom replacement contract.  He then goes down to the local hardware store and buys a box of drywall nails for $59.95 and marks the receipt "for the bathroom project."  But at the same time he admits to the hardware store clerk that he never intends to complete the project.  The Court understands that this hypothetical is not Mr. Piesciuk's case, but his proposed reading of Ohio law would prevent the conviction of

the bathroom contractor even though he admitted his intent.

Petitioner argues "[t]here is absolutely no circumstantial or direct evidence to support the Magistrate's findings that the Petitioner never intended to fulfill his promises." (Amended Traverse, ECF No. 35, PageID 7373.) There is no such "finding" in the Report. The requisite finding of intent to deceive was made by the jury and affirmed by the Twelfth District. Piesciuk attempts to refute that finding by citing in blank to over a thousand pages of testimony. *Id.* Despite his awareness of the need to give the Court accurate record citations, he mis-cites PageID 5403-16 and 5471-5529 as being at ECF No. 10-1; they are not.

Petitioner emphasizes that he had many satisfied customers during the April-September 2000 time frame (Amended Traverse, ECF No. 35, PageID 7376, citing PageID 6098-6104). These referenced documents are uncross-examined hearsay affidavits, prepared by someone with the names of the affiants filled in by hand. They are parts of the exhibits to Piesciuk's Petition for Post-Conviction Relief (ECF No. 28-2, PageID 6007 et seq.) and do not represent trial testimony.

As a reason given for not completing some of the projects, Piesciuk avers that he was incarcerated in three different local Ohio jails from September 23, 2000, to October 31, 2000 (Amended Traverse, ECF No. 35, PageID 7383). Shortly thereafter, Piesciuk sold the company to Steve LaJoye on November 2 or 10, 2000. *Id.* Certainly the sale of the company to someone else does not prove conclusively that Piesciuk intended to complete the projects, but rather, at most, that he relied on others to do so.

Petitioner spends considerable time discussing the evidence on particular counts of conviction and arguing that money he received was not allocated to specific parts of the contracts, or the homeowners suffered no loss, or they breached the contract with OHIC, etc.

(Amended Traverse, ECF No. 7378-89).  He again concludes that the relevant convictions "must be reversed as the evidence, when taken in a light most favorable to the State, demonstrates that in each instance work was begun and even continued as required by the contracts in each case." *Id.* at PageID 7389.  On the contrary, the evidence adverted to is relevant evidence to controvert the State's proof of intent to deceive, but it is not conclusive evidence.  The jury did not believe it showed lack of intent to deceive conclusively.

Petitioner proceeds in the same way with the theft by deception from subcontractors and vendors counts (Amended Traverse ECF No. 35, PageID 7390-95).   He raises various excuses as to why they were not paid:  poor or incomplete work, work beyond the scope of the contract, stopped check for "payment not in accordance with company policy, burglary at company offices by vindictive ex-wife, incarceration on other charges, etc."   As with the counts involving homeowners, the evidence cited by Piesciuk is relevant to the question of intent, but not conclusive.  The jury was not required to believe all of the excuses Petitioner offered and might well have considered how many excuses he had to offer for failures to perform in such a short period of time.

At page 42 of the Amended Traverse and without labeling the change of direction, Piesciuk begins to argue about the jury instructions (ECF No. 35, PageID 7395-97).  Petitioner only objected to the Report's conclusions as to Ground One and cannot add new objections now, five months after the objections were due.   The Report deals with this argument at PageID 5214-15 (ECF No. 18).  Nothing in the Amended Traverse requires additional discussion.

At page 45 of the Amended Traverse Piesciuk turns to his ineffective assistance of counsel claims, Grounds Ten through Fifteen (ECF No. 35, PageID 7398-7411).  The Report analyzed these claims in sixteen pages (ECF No. 18, PageID 5234-49).   Piesciuk filed no

objections to the recommendation that all six of these claims be dismissed.  In the Objections he expressly said "the Petitioner will only make arguments here in his objections on the Insufficiency of the Evidence Claim as it relates to the Theft by Deception counts."  (ECF No. 21, PageID 5255.)  He kept that promise:  there is no argument in the Objections about Grounds for Relief Ten through Fifteen.  Piesciuk cannot now add new objections by including them in the Amended Traverse.  The merits of these Grounds for Relief were thoroughly considered in the Report and will not be re-examined here.

**Conclusion**

Having reconsidered the case in light of the Objections and Amended Traverse, the Magistrate Judge again respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

December 17, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).